## THOMPSON v. STICKNEY.

1. An agent acting for a known principal, and receiving money in that character, is not individually responsible if the money has been paid over to his principal without notice. Therefore, when a county clerk collects money by order of the commissioners' court, he cannot refuse to pay it over to the county treasurer, although it has been illegally assessed, unles it had been previously demanded of him by those from whom it was received.

2. A mere verbal direction by the commissioners' court to the county clerk to, collect thirty per *centum* on licenses, for county purposes, is not the imposition of a tax, nor does it invest the clerk with legal authority to receive the money.

3. A license issued by the clerk of a county court, the tax upon which is required by the general law to be paid into the State treasury, must be so paid in, although the clerk, at the time he issued the license and received the money, did, not know of the passage of the State law, and supposed he was acting under an order of the commissioners' court.

ERROR to the Circuit Court of Mobile.

This was a motion, by the county treasurer against the clerk of the county court, for moneys of the county alleged to be in his hands. The following facts were agreed:

It is admitted, that the defendant, as clerk of the county court of Mobile, after the passage of the general revenue law in February last, issued fifty-three licenses to persons of the county of Mobile, at thirty dollars each, which was done according to the law existing before the passage of that act, and under an assessment made in writing by the judge of the county court, and delivered to the clerk, under the old law before the passage of the act of February last. After the promulgation of that act, the members of the commissioners' court of roads and revenue, at their regular term, verbally instructed the clerk to receive thirty per cent. upon the tax assessed in the revenue act for county purposes; but no order or resolution in writing was made, and none exists on the minutes of that court. Under this verbal order, the clerk has issued seventeen licenses, receiving the thirty per cent. on the State tax on each license, and has the money.

Upon these facts, the court rendered judgment against the clerk in favor of the county treasurer; from which this writ is prosecuted.

CAMPBELL, for plaintiff in error.
GIBBON, *contra.*

ORMOND, J.—It is a general rule of law, that an agent, acting for a known principal, and receiving money in that character, is not individually responsible if the money has been paid over to his principal without notice. That revenue officers or tax collectors form no exception to this rule, is shown by the case of Greenway v. Hurd, [4 Term, 553.]

As it respects the fifty-three licenses, issued after the passage of the revenue law of February, 1843, the proposition above stated has no application. The revenue act of February, 1843, had declared that the licenses which the county clerk issued, should be a State tax. [See the 7th section of the act.] The act operated from its passage, and it can make no difference that the clerk, at the time he received the money, did not know that the law had passed. He is the proper person to issue the license, and receive the money; and is required by law to pay the money over to the collector for the purpose of being paid into the State treasury. [Clay's Dig. 571, § 75, 76.] For the amount, therefore, received on the fifty-three licenses, he is not responsible to the county treasurer.

The sum received on the seventeen licenses, by the verbal direction of the commissioner's court, stands upon a different footing; and to that, the law laid down at the commencement of this opinion, does apply.

The 15th section of the revenue act of February last, authorizes the commissioners' court to levy a tax, for county purposes, on the subjects of State taxation, not to exceed thirty *per centum* on the amount. It cannot be pretended, that the mere verbal direction of the court to the clerk to collect thirty *per centum* on licenses issued by him for county purposes, is the *levy* of a tax. The amount to be assessed is discretionary with the court; and until the amount to be demanded on the State tax is recorded on the minutes of the court, the tax is not *levied*, and there is no warrant in law for exacting it from the citizen. But although collected without legal authority, it was received by the clerk in virtue of power derived from the commissioners' court; and as it does not appear to have been demanded from him by those from

whom it was received, he cannot refuse to pay it over to his principal, by whose authority he received it.

It results from the view here taken, that the court below erred in its judgment, that the entire amount could be recovered by the county treasurer; and its judgment is, therefore, reversed, and the cause remanded.