## Perryman *et al.* *v.* City of Greenville.

*Action on Official Bond of Town Marshal.*

51 507
113 628

51 507
125 643

51 507
130 330

1. *Judicial notice of charter of municipal corporation.* — The courts are bound to take judicial notice of the charter of a municipal corporation, and of the authority conferred by it.

2. *Averment of facts judicially known.* — It is not necessary, in pleading, to aver facts which are judicially known to the court.

3. *Sufficiency of complaint.* — In an action by a municipal corporation, on the official bond of a marshal or tax-collector, for his failure to pay over moneys collected by him as taxes, it is not necessary to aver by what authority the bond was taken, or by what ordinance the tax was collected, or its validity.

4. *Estoppel against tax-collector from denying validity of tax.* — A tax-collector, or other municipal officer, when sued for moneys which he has collected in his official capacity as taxes, and failed to pay over, cannot controvert the legality of the tax imposed, or the regularity of the assessment.

5. *Internal revenue; failure to stamp contract.* — An instrument which is not stamped, although it comes within the provisions of the internal revenue laws of the United States, should be received in evidence, unless there is proof that the failure to stamp it was with a design to evade the payment of the stamp duty.

6. *Proof of proceedings of municipal corporation.* — The book containing the minutes of the proceedings of a municipal corporation, is the best and only evidence to prove whether or not a claim was allowed by the council.

APPEAL from the Criminal Court of Butler.

Tried before the Hon. W. H. CRENSHAW.

This action was brought by the appellee against W. D. Perryman and others, and was founded on the official bond of said Perryman as town marshal of Greenville, which was dated the 18th January, 1870, and conditioned as follows : " The conditions of the above obligation are, that whereas the above bound Walter D. Perryman has been appointed marshal of the town of Greenville, Butler county, Alabama, by the said corporate authorities, on the 10th day of January, A. D. 1870; now, therefore, the condition of the above obligation is such, that if the said Walter D. Perryman shall well and faithfully

[Perryman v. Greenville.]

in all things perform the duties and execute the office of marshal of said town of Greenville, and account for all moneys which may come to his hands, belonging to said town, during his continuance in said office by virtue of his said appointment, then this obligation to be void," &c.

The complaint was in these words: " The plaintiff, as successor to all rights, privileges, property, claims, and demands belonging to the town of Greenville and the corporate authorities thereof, claims of the defendants one thousand dollars, damages for the breach of the condition of a bond, made by said defendants January 18, 1870, payable to the corporate authorities of the town of Greenville, Alabama, and their successors in office, in the sum of two thousand dollars, with conditions as follows," setting it out as above. " And plaintiff avers, that the condition of said bond has been broken, in this: 1. That said W. D. Perryman, as marshal as aforesaid, during his continuance in said office by virtue of said appointment, to wit, on the 20th November, 1870, did collect and receive from divers persons, tax-payers of said town of Greenville, large amounts of money, as taxes assessed by the corporate authorities of said town, to wit, the sum of six thousand dollars, one thousand dollars of which said sum he has failed and refused, and still fails and refuses to account for, or to pay over to the corporate authorities of said town and their successors in office; to the damage of plaintiff as aforesaid. 2. That the said W. D. Perryman, as marshal as aforesaid, during his continuance in said office by virtue of said appointment, did collect and receive from Martin, Rice, & Co., a firm doing business as merchants in said town of Greenville, to wit, on the 15th November, 1870, the sum of fifteen dollars; and did collect and receive from J. J. Damich & Co., a firm doing business as merchants in said town of Greenville, to wit, on the 28th January, 1871, the sum of ten dollars; both of which said sums was received by said Perryman, as marshal as aforesaid as license-tax assessed by the corporate authorities of said town upon merchants doing business therein; and did collect and receive from Hilary F. Oliver, the owner of a dray in said town, to wit, on the 26th January, 1871, the sum of twelve dollars, as license-tax assessed by the corporate authorities of said town upon drays; all of which said sums of money belonged to said town, and which the said W. D. Perryman has failed and refused, and still fails and refuses to account for, or to pay over to the said corporate authorities of the town of Greenville and their successors in office; to the damage of the plaintiff as above stated. And the plaintiff claims interest on the aforementioned sums. And the plaintiff avers, that the said bond, and the right of action there-

[Perryman v. Greenville.]

under, is now the property, and enures to the benefit of the plaintiff, under and by virtue of the 13th section of an act of the legislature of Alabama, entitled ' An act to incorporate the city of Greenville,' approved the 9th March, 1871 ; which act, plaintiff avers, is now in full force."

The defendants demurred to the complaint, and assigned the following as causes of demurrer : " 1. Because the complaint does not allege by what authority or ordinance the said Perryman, as marshal, collected said tax.   2. Because it does not allege that the ordinance, or by-law, passed by the city of Greenville to levy and collect said tax, was published ten days in three public places in said town, and also in a newspaper within the limits of said corporation, before said taxes were collected ; and said complaint is insufficient without said averments.   3. Because it does not aver that, at the time the town of Greenville made said contract with these defendants, the said town had the authority and power to make and enter into said contract ; and the plaintiff should show by what statute, or act of the legislature, said town was authorized to contract with said defendants."   The court overruled the demurrer, and the defendants then pleaded performance and set-off, alleging that the said Perryman had paid over all the money which had come to his hands by virtue of his office as marshal, and that the town was indebted to him for services rendered in the assessment of taxes ; and issue was joined on both of these pleas.

On the trial, as the bill of exceptions shows, when the plaintiff offered in evidence the bond on which the action was founded, the defendants objected to its admission, " because it was not stamped as required by the internal revenue laws of the United States."   The court overruled the objection, and admitted the bond as evidence ; to which the defendants excepted.   " The plaintiff then introduced D. G. Dunklin as a witness, who was the clerk of the town council during the time said Perryman was marshal, and who testified, that he and A. McKellar were appointed a committee to examine the account of the marshal for the year 1870 ; and said examination was made before the last meeting of the council ; and that they ascertained, on said examination of the books and accounts of said marshal, that he was indebted to the town of Greenville in the sum of $262.53, after allowing him all proper credits.   Said witness further testified, that the town council, at its last meeting, did not allow said Perryman the sum of $270 for assessing the taxes of the town in 1869 ; that said council, to the best of his recollection, refused to make such allowance ; also, that he, as clerk, entered the proceedings of the council upon the minutes ; that he generally did

[Perryman v. Greenville.]

this at the time the same were had, but sometimes did make entries afterwards. The plaintiff then proposed to introduce the books of the town of Greenville as evidence, to prove that the council did not allow him for extra services in making the assessment of 1869, after proving, by said Dunklin, that he kept said books, and that they were correct. The defendants objected to the admission of said books as evidence; the court overruled the objection, and the defendants excepted."

The overruling of the demurrer to the complaint, and the several rulings on questions of evidence to which exceptions were reserved, are now assigned as error.

JUDGE & HOLTZCLAW, WATTS & TROY, and W. A. DUKE, for appellant.

HERBERT & BUELL, with V. S. MURPHEY, contra.

BRICKELL, J. — The city of Greenville was incorporated by a public statute, approved February 15, 1867, Pamph. Acts 1866–67, p. 464. Courts are bound to take judicial notice of the charter granted a municipal corporation, by the legislative power of the State, and of the authority it confers. Case v. Mayor of Mobile, 30 Ala. 538 ; Smoot v. Mayor of Wetumpka, 24 Ala. 112. In pleading, it is not necessary to aver facts, of which the court takes judicial notice. The complaint was not, of consequence, demurrable, because it did not aver by what statute the city had authority to enter into the contract on which suit is brought. Nor was it necessary to allege in the complaint by what authority or ordinance the marshal collected the taxes ; nor that such ordinance was regularly adopted. The regularity of an assessment of taxes, and the legality of the tax imposed, are questions of concern to the tax-payer, who pays them, not to the collector, who receives them. The collector cannot retain the moneys by him collected, because the tax is illegally imposed, or irregularly assessed. If the tax-payer submits to payment, the only duty of the collector is to account and pay over to his superior. Boring v. Williams, 17 Ala. 510 ; Thompson v. Stickney, 6 Ala. 579.

There are some well-considered authorities, holding that the provisions of the internal revenue laws, prohibiting the admission in evidence of instruments not stamped, are inapplicable to the courts of the several states, but of force only in the courts established by the constitution and laws of the United States, over which the Federal legislature can legitimately exercise control, and to which they can probably prescribe rules of evidence. If the operation of this law is not thus limited,

[Coker v. Patty's Heirs.]

grave doubts of its constitutionality are entertained, and several courts of high authority have declared that it does not' conform to the constitution. On these questions we shall pronounce no opinion, until it is necessary to the decision of a cause before us. All the authorities concur, that when there is no evidence that the omission to stamp was with a design to evade the revenue laws, the instrument is valid, and should be received in evidence. *McGovern* v. *Halstack*, 53 Penn. 176; *Tobey* v. *Chipman*, 13 Allen, 123; *Green* v. *Holway*, 101 Mass. 243. No evidence of such an intent was offered, and the court properly overruled the objection to the reading of the bond in evidence.

It seems to have been a controverted question in the court below, whether the town council had made an allowance to Perryman, the marshal, for services rendered in the assessment of taxes. The fact of such allowance was provable only by the records or minutes of the proceedings of the council. The " books " of the corporation, by which we understand the record of the proceedings of the council, were offered and received to disprove the fact of such allowance. In this, there was no error. They were the best and only evidence of the fact that such an allowance had, or had not been made.

The judgment of the circuit court is affirmed.