# Johnson v. The State.

*Prosecution for an Assault and Battery.*

1. *Assault and battery; when doctrine of self-defense can not be invoked.* In a prosecution for assault and battery, the defendant can not invoke the doctrine of self-defense, where the evidence shows that he provoked and brought on the difficulty, and committed a battery on the prosecuting witness by placing a pistol against his chin in an angry and insulting manner.

APPEAL from Lee Circuit Court.

Tried before Hon. H. D. CLAYTON.

This was a prosecution for an assault and battery commenced against the appellant in the County Court of said county, and resulting in the defendant's conviction in that court, was by

[Johnson v. The State.]

him taken, by appeal, to the Circuit Court, where, upon a trial had *de novo*, the defendant was again convicted. The principal witness examined by the State on the trial was Squire Howard, who testified, that on meeting the defendant on a public street in the City of Opelika, in March, 1881, the defendant commenced to curse him, and that after he had cursed him several times, the latter changed the ends of a small walking stick which he had in his hand, so as to grasp the small end, and put the large end upon the ground; that thereupon the defendant drew a pistol and presented it in witness' face, and laid it on witness' chin, cursing him at the same time, and that witness, in knocking the pistol up out of his face with his hand, caused it to strike his mouth, which bled from the contact. The defendant introduced the testimony of two witnesses, that of one tending to show that he saw the "entire transaction" and that the defendant did not touch Howard with the pistol or otherwise, and did not use the pistol in assaulting or attempting to assault him; but that Howard reversed the ends of a stick he had in his hand, and assumed a striking attitude before the defendant spoke to him in an angry manner. The testimony of defendant's other witness was, in substance, that he was present at the time of the difficulty between Howard and the defendant and was a witness to the transaction, and that he did not see the defendant assault or attempt to assault Howard. This being the substance of the evidence, the court, at the written request of the solicitor, charged the jury, that "they can look to all the evidence as to the deportment of Squire Howard and the defendant respectively at the beginning of the difficulty testified about, and if the evidence shows that, by opprobious language and assuming a threatening attitude, the defendant gave reasonable cause to Howard to apprehend an attack, then Howard had a right to assume such a position as was necessary for self-defense; and if the defendant thus provoked the difficulty, he can not afterwards set up self-defense in justification, unless he showed a willingness to retire from the difficulty so brought on." To the giving of this charge the defendant excepted. The defendant then asked the court in writing to give the following charges: "1. If the jury believe from the evidence that the defendant presented the pistol, to prevent the prosecutor from using a stick on the person of defendant, and did not intend to use it, unless the prosecutor should attempt to use the stick on the person of defendant, then such presentation would not amount to an assault." 2. "If one witness swears to a fact, and two witnesses equally credible and having equal knowledge of the facts, testify to the contrary, then the testimony of the two witnesses must be believed in preference

[Redd v. The State.]

to the one witness." The court refused to give these charges, and the defendant separately excepted.

J. M. CHILTON and GEO. P. HARRISON, for appellant. (No brief came to hands of the reporter.)

H. C. TOMPKINS, Attorney-General, for the State.—(1). There can be no doubt of the correctness of the charge asked by the State and given by the court. The proof showed that the difficulty was provoked by defendant, and he could not therefore excuse himself by showing that the person assaulted was about to assault him.—*Riddle v. The State*, 49 Ala. 389; *Cross v. The State*, 63 Ala. 40. (2). The intention to use the pistol in the event the prosecutor struck defendant must necessarily be an assault in a case, where the defendant has done that which has a tendency to make the prosecutor strike him. For the use of unlawful force to prevent one from doing that which he has a right to do, is an assault.—*Stockton v. The State*, 25 Tex. 772; *Church v. The State*, 63 N. C. 15; *Rawles v. The State*, 65 N. C. 334; *Bloomer v. The State*, 3 Sneed, 66; 2 Whar. Am. Cr. Law, §§ 1243–5. (3). The second charge asked by defendant and refused by the court, was an invasion of the province of the jury, and, therefore, ought to have been refused.—*Corley v. The State*, 28 Ala. 22; *Addison v. The State*, 48 Ala. 478.

STONE, J.—If the testimony of Squire Howard was believed, the jury rightly found that the defendant provoked and brought on the difficulty, and that he committed a battery on the prosecuting witness, by placing a pistol against his chin in an angry and insulting manner. This disabled the defendant from invoking the doctrine of self-defense. See authorities on the brief of the Attorney-General. The rulings of the Circuit Court were in harmony with these views. There is nothing in the other question raised.

Affirmed.