# Rufus v. The State.

*Indictment for Assault and Battery with a Weapon.*

1. *Indictment; misnomer of defendant.*—Where a defendant's second christian name has come to be regarded as his surname and he is so known, it is not material that his real surname was different; and where an indictment designates the defendant as "John Rufus," and the defendant in a plea of misnomer alleges that his christian name was "John Rufus" and his surname "George," that he has never been known by the name of "Rufus" as a surname, a replication which alleges that long before and at the time of the finding of the indictment, the defendant was known as well by the name of "John Rufus" as by the name of "John Rufus George," is a sufficient response to the plea and is not demurrable.

2. *Same; same; sufficiency of evidence.*—Upon an issue as to the alleged misnomer in an indictment which designates the defendant as "John Rufus," where the defendant sets up that his name was "John Rufus George," and three witnesses for the State testify that the defendant was known and called by the name of "John Rufus" and by no other name, while as many witnesses for the defendant testify that the defendant's father's name was "George," and that the defendant was known by no other name than that of "John Rufus George," a trial judge commits no error in finding that the defendant was known as "John Rufus" as well as "John Rufus George."

3. *Assault and battery; when dangerous character of person assaulted inadmissible.*—On a trial under an indictment for assault and battery, where it is shown that the defendant himself was at fault in bringing on the difficulty, he can not introduce evidence as to the "dangerous and fussy" character of the person assaulted.

[Rufus v. The State.]

APPEAL from the County Court of Wilcox.

Tried before the Hon. JAMES T. BECK.

The appellant was indicted for an assault and battery upon one John Cook with a knife. The indictment charged "John Rufus" with the offense. The defendant filed a plea of misnomer, which was sworn and subscribed to by him, in which he alleged that his christian name was "John Rufus" and that his surname was "George," and that his full name was "John Rufus George," and that he was never known or called by the name of "Rufus" as a surname, that he was known and called by the name of "John Rufus" as a christian name. To this plea the State filed a replication, in which it alleged that the said defendant, John Rufus, was long before and at the time of the finding of said indictment and still is, as well known by the name of "John Rufus," as by the name of "John Rufus George." To this replication the defendant demurred, upon the grounds that the replication does not state that George was not the surname of the defendant, or that Rufus was the surname of the defendant, and does not aver that "John Rufus" is not the christian name of said defendant. This demurrer was overruled, and to this ruling the defendant duly excepted.

Upon issue as to the misnomer, the State introduced three witnesses, each of whom testified that the defendant was known and called by the name of John Rufus, and by no other name. The defendant then introduced three witnesses, each of whom testified that the defendant's father's name was Frank George, and that the defendant's christian name was John Rufus, and that his surname was George, and that he was known by no other name than that of John Rufus George. Upon this evidence the issue of misnomer was found in favor of the State, and to this finding the defendant duly excepted.

The trial was had upon the plea of not guilty, and the State introduced evidence tending to show that one John Cook, while at work in a field near where the defendant was, hung up his coat, in which he left a bag of smoking tobacco; that upon returning to his coat he found his tobacco gone, and after having asked the defendant and other persons who were standing near, who had taken his tobacco, the defendant admitted that he had it, and

told the said Cook that he could not get it; whereupon Cook picked up the defendant's hat and started off with it, saying that he would sell the hat and buy another sack of tobacco.　The defendant then ran after the said Cook and overtook him, and cut him in the back with a knife.

The evidence for the defendant tended to show that the defendant cut Cook after Cook had cursed him, and was about to raise a large stick to strike him with it.

During the examination of one of the witnesses for the defendant, he was asked if he knew the general character of John Cook in the community in which he resides, and upon the witness answering that he did, the defendant's counsel asked him the following question: "What is John Cook's general character as a dangerous, fussy man?"　The State's counsel objected to this question upon the ground that as the defendant had first taken Cook's tobacco he thereby brought on the difficulty, and could not invoke the doctrine of self-defense. The court sustained the objection and refused to allow the witness to answer the question.　To this ruling the defendant excepted.　There were verdict and judgment of guilty.

No counsel marked as appearing for appellant.

William C. Fitts, Attorney-General, for the State.

McCLELLAN, J.—The trial judge committed no error in finding from the evidence before him that the defendant was known as John Rufus as well as John Rufus George, and that he was as well known by the former of these names as the latter.　It was not material that his real surname was George, and that both the names "John" and "Rufus" were originally Christian names, when, as averred in the replication in effect, and shown by the testimony, the name "Rufus" had come to be regarded as his surname, and he was so known.

The court did not err in excluding testimony as to Cook's dangerous and "fussy" character; the defendant being clearly at fault in respect of bringing on the difficulty.—*Johnson v. State*, 69 Ala. 253; *Page v. State*, 69 Ala. 229; *Brown v. State*, 74 Ala. 42.

Affirmed.