[Gulf City Construction Co. v. L. & N. Railroad Co.]

# Gulf City Construction Co. *v.* Louisville & Nashville Railroad Co.

*Action to Recover Back Money Paid.*

1. *Unauthorized statement of agent not binding on principal.*—If a person pays money to one whom he knows to be merely the agent for its collection and the principal is known to him, a statement made by the agent whether before or contemporaneously with the payment that the payor "would have no trouble in getting it back," cannot bind the principal in the absence of fraud, when it is not shown that the agent making it had any authority to do so.

2. *Voluntary payment; what is.*—A consignee had notice of the arrival of freight; the freight charges were excessive, and the agent of the transportation company promised to have them corrected, which he aftewards did; the consignee did not pay or tender the amount of freight charges actually due and demand delivery of the goods, but permitted charges for car service to accrue, which were charges made after a specified time from the arival of the goods at the point of destination, and which were due to a car service association for which the transportation company was the agent to collect them; the consignee in order to get possession of the goods paid these demurrage charges to the transportation company, knowing they belonged to the car service association and would not be refunded without consent of the association; the car service association refused to refund, and the consignee sued the transportation company to recover back the money paid. *Held,* that the payment was volutnary and could not be recovered back.

3. *Payment to an agent for collection cannot be recovered back from the agent.*—Where a person pays money to an agent for its collection, knowing the principal and the fact of the agency, he cannot recover it back from the agent in the absence of fraud or want of authority in the agent to bind his principal.

4. *Evidence which fails to make a prima facie case for the plaintiff may be excluded.*—If the evidence of the plaintiff fails to make out a *prima facie* case it may be excluded on motion of defendant, and the general charge given for the defendant.

[Gulf City Construction Co. v. L. & N. Railroad Co.]

5. *Rule of railroad company when reasonable.*—A rule of a railroad company that a party to whom freight is consigned must receive the same within forty-eight hours after notice, is a reasonable one, and a charge for storage after expiration of that time is legal and, if correct in amount, can be collected.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

The Louisville & Nashville Railroad Company transported freight consisting of rails, spikes, etc., consigned to the Gulf City Construction Co. On arrival of the freight at Mobile, the point of destination, notice of arrival was given to the consignee, which notice consisted of a duplicate of the freight bills. The consignee complained to the railroad company that the freight charges were excessive, and the agent of the railroad company promised to adjust the matter at once. The correction of the freight bills was made. Between the time of the complaint and the correction the consignee paid on account of this freight $1250.00 because it needed the rails while the freight matter was being adjusted. The freight charges were fully paid on the 17th day of July, and in the amount paid were included charges for car service for the recovery of which this suit is brought. This money for car service belonged to the car service association and was paid to the agent of the railroad company for the association. The construction company had theretofore paid such charges and knew that they went to the Car Service Association. The payment for the car service was made in order to get the goods delivered. The question was whether this payment was voluntary or compulsory.

McINTOSH & RITCH, for appellants.—The affirmative charge should never be given where there is any evidence which reasonably tends to establish the plaintiff's case; nor where it would be improper to sustain a demurrer to the evidence.—*Wood v. Brewer,* 57 Ala. 515; *Freeman v. Scurlock,* 27 Ala. 407; *Central R. R. & B. Co. v. Roquemore,* 96 Ala. 236. (2). Whenever the defendant is shown to have money which is equity and good conscience belongs to plaintiff he may recover it in an action for money had and received.—*Wilson v. Sergeant,*

[Gulf City Construction Co. v. L. & N. Railroad Co.]

12 Ala. 778; *Young & Son v. Lehman, Durr & Co.,* 63 Ala. 519; *Bromley v. Birmingham Min. R. R. Co.,* 95 Ala. 397; *Sanders v. Edmonds,* 98 Ala. 157. (3). Money paid to a common carrier in order to get freight if the charge is illegal is compulsory and not a voluntary payment.—2 Greenleaf on Ev. Sec. 121; A. & E. Ency. of Law, p. 222.

GREGORY L. SMITH, *contra.*—If all the evidence is insufficient to support plaintiff's cause of action, it is the duty of the court to exclude it.—*Talladega Ins. Co. v. Peacock's Adm'r,* 67 Ala. 262.

TYSON, J.—The appellant by this suit sought to recover of the defendant three hundred and eighty dollars which it paid to defendant for car service. It appears without dispute that the plaintiff had notice of the arrival of the steel rails, bars and spikes transported by the defendant and knew of the rule of the Car Service Association requiring the defendant to make a charge for this car service, in the event the freight was not taken or received by plaintiff within forty-eight hours after such notice. It is also undisputed that these notices were copies of the freight bills and there was an error in each of them in the amount of the freight charges. That plaintiff called the attention of the defendant's agent to these errors, and that he promised to examine into them and have them corrected.

The matter of error in these notices is the excuse which the plaintiff offers for not paying the bills and receiving the freight. It is not shown that it tendered the amount really due defendant, which was known to its agent having the matter in charge. But knowing it was chargeable with this car service if accrued and the defendant would require its payment for the Alabama Car Service Association before delivering the freight, it declined or failed to receive the freight and pay the charges, and permitted the demurrage charges to accrue.

It was also known to plaintiff's agent when it paid these charges that defendant would not refund it, without the consent of the Car Service Association, to whom the money belonged. On this point we quote the lan-

guage of the witness, plaintiff's agent, on cross-examination: "I had paid car service on [these] former shipments at the same rate per day that was charged us on this shipment and when I did pay said car service I made application for a refund of it to the L. & N. Railroad Co. the defendant. I understood, however, that my application would be forwarded to the Alabama Car Service Association and be passed on by it." To avoid the effect of this testimony, it is argued by appellant's counsel that because the defendant's agent said on the day this payment was made by it, that it "wouldn't have any trouble in getting the $380 back," that it was induced to make the payment. At best, this was but an expression of the opinion of the agent as to what action the Car Service Association would take upon the application to refund the money. Besides, it does not appear that the opinion was expressed before the plaintiff parted with the money, but on the contrary, the verbiage of the bill of exceptions on this point clearly indicates that it was a statement made by him after its payment. But whether made before or contemporaneously with the payment, if construed as a statement of a fact, it cannot bind the Alabama Car Service Association to whom the money belonged in the absence of fraud, it not being shown that the agent making it had any authority to do so. In the absence of any proof of a tender of the amount admittedly due by it on these freight bills or a refusal by defendant at any time after demand to deliver the freight, taken in connection with the affirmative proof that plaintiff did not make a request of the defendant to deliver it and made this payment to the defendant as the agent of the Alabama Car Service Association subject to the action of said association to refund it, which the association declined to do, the payment was voluntary and cannot be recovered back.—*Raisler v. Mayor & Council of Athens,* 66 Ala. 194; *Town Council of Cahaba v. Burnett,* 34 Ala. 400; *Gachet v. McCall,* 50 Ala. 307.

The charge was not an illegal one, nor shown to have been incorrect in amount, nor is the rule requiring the plaintiff to receive the freight within forty-eight hours after notice an unreasonable one, and therefore not within the influence of the principles announced in the

[Gulf City Construction Co. v. L. & N. Railroad Co.]

case of *Mobile & Montgomery Railway Co. v. Steiner,* 61 Ala. 559, where the charges were not only excessive but in plain violation of the provisions of a statute. Had the plaintiff desired to free itself of these demurrage charges, it could have tendered the amount known to it to be due defendant as freight charges and demanded a delivery of the rails, etc. In such case, if defendant had declined to receive the amount tendered and refused to deliver the rails, doubtless it would not have been entitled to collect for the Car Service Association the demurrage charges and if plaintiff had then been compelled to pay these charges in order to get possession of the rails, the payment would have been compulsory.—18 Am. & Eng. Ency. Law, p. 222 and notes.

In addition to what we have already said there is another reason perhaps more conclusive against plaintiff's right to recover. It appears that the money in controversy was paid to the defendant as the agent of the Alabama Car Service Association and this fact was known to the plaintiff when the payment was made. The defendant being merely the agent for its collection, could not be made liable, its principal being known to plaintiff, in the absence of fraud, or want of authority to bind his principal. There is not a single fact in the record from which either fraud or want of authority can be inferred in the remotest degree.—*Comer v. Bankhead,* 70 Ala. 496; *Roney's Admr. v. Winter,* 37 Ala. 278; *Bell v. Teague,* 85 Ala. 213; *Drake v. Flewellen & Co.,* 33 Ala. 106.

The plaintiff failing to make out a *prima facie* case, there was no error in the action of the court, on motion of defendant, in excluding the testimony offered and giving the affirmative charge requested in writing by the defendant.—*Talladega Ins. Co. v. Peacock, Admr.,* 69 Ala. 253.

Judgment affirmed.