(104 So. 134)

**INGRAM LAND CO. v. MOORE.**
**(6 Div. 348.)**

(Supreme Court of Alabama.  April 16, 1925.)

**1. Principal and agent** ⬅️136(4)—**Third person paying money to agent who has authority to receive it cannot hold agent individually liable for its return, but remedy is against principal.**

Where agent is known as such by third person and payment to agent is a proper one, in pursuance of valid authority and without fraud, duress, or mistake, remedy of third person, in case he ultimately becomes entitled to return of money, is against principal, and he cannot hold agent individually liable for its return, though money has not been paid over to principal.

**2. Principal and agent** ⬅️148(3) — **Contract showing that defendant agent of another admissible in action against defendant as agent.**

In action by buyer against seller's agent for return of part purchase price for house and lot, contract of sale pleaded by defendant and alleged to have stated fact of agency and name of principal *held* admissible on question of

plaintiff's knowledge of agency, though not signed by seller in person.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action on the common counts by T. A. Moore against the Ingram Land Company. Judgment for plaintiff, and defendant appeals.

Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The contract exhibited with plea 3 is as follows:

"Birmingham, Ala., Feb. 27, 1923.

"This agreement this day made is that W. R. Dean has this day sold through Ingram Land Company, Inc., as his agent to T. A. Moore. as purchaser, and T. A. Moore has bought from W. R. Dean through Ingram Land Company, Inc., as agent for the seller house and lot No. 1529 So. 19th St., situated in South Highlands, Birmingham, Jefferson county, Alabama, for the price and sum of $4,500.00, on the following terms: $500.00 cash; the balance shall be paid by the execution of a first mortgage of $2,000.00 at 7 interest for 3 years, int. payable semi-annually; the remainder of the purchase price to be secured by a second mortgage as evidenced by monthly notes $40.00 each, each note to bear its own interest and payable on or before date, except the 3rd note which is to be $250.00. Said deferred payments shall bear 7 per cent. interest, and be secured by a first and second mortgage on said property so bought and sold, of which cash payment the purchaser has paid, as earnest money $250.00, the receipt of which is hereby acknowledged by the seller.

"The taxes for the current fiscal year shall be prorated. Possession to be delivered to purchaser on April 1st, 1923.

"The insurance companies consenting, the insurance shall be transferred to the purchaser upon payment to the seller the unearned premiums.

"A good and merchantable title shall be conveyed by deed containing the usual covenants of warranty, except none.

"Owner agrees to pay agent a commission of $—— on this sale.

"Abstract of title shall be furnished by seller to purchaser within 5 days from this date.

"[Signed] W. R. Dean, Seller.
"Approved by telephone message.
"[Signed] Jno. B. Ingram, Seller.
"[Signed] T. A. Moore, Purchaser."

J. S. McLendon, of Birmingham, for appellant.

Any right of action in the plaintiff was against the principal. Gulf City Const. Co. v. L. & N., 121 Ala. 621;[1] 2 C. J. 821; Kurzawski v. Schneider, 179 Pa. 500, 36 A. 319; Huffman v. Newman, 55 Neb. 713, 76 N. W. 409; Cooper v. Tim, 16 Misc. Rep. 372, 38 N. Y. S. 67.

Arlie Barber, of Birmingham, for appellee.

Counsel discuss the questions raised, and cite Code 1923, §§ 5667, 8050.

THOMAS, J. The suit was an equitable action, on the common counts. Form 10, Code 1907, p. 1195. The general issue was pleaded and special pleas 3 and 4, to which demurrers were sustained.

The substance of plea 3 was that defendant was in the real estate business, and Dean listed with it for sale his house and lot, and defendant procured plaintiff to enter into the written contract (exhibited) of sale and purchase with Dean. It is averred that defendant "accepted as per the terms of contract above set out the $250 as purchase money as the agent of W. R. Dean, and that the said W. R. Dean complied with the terms of the said contract, and was at all times willing, ready, and able to comply with all the terms thereof, but that the plaintiff, T. A. Moore, refused to comply with his part of said contract of purchase and sale without any fault on the part of the seller, W. R. Dean, and that the said $250 is held by Ingram Land Company as part purchase money paid to the said W. R. Dean."

That pleading declares that the money in controversy was paid by plaintiff to and held by defendant as the agent of Dean, and this fact was known to plaintiff when the payment was made under the contract set out in hæc verba. Plaintiff should have made a party to his suit the principal, who was known to him. The agency being known to plaintiff, and the payment being duly and properly made to the agent, without fraud, duress, or mistake, the remedy for the return of the money is against the principal, and the plaintiff "cannot hold the agent individually liable for its return." 2 C. J. p. 821, § 495, subhead 47, for general authorities on the subject.

The statements of the rule in Upchurch v. Norsworthy, 15 Ala. 705, and Thompson v. Stickney, 6 Ala. 579, were where the agent receives money for his principal which the latter is not entitled to receive as against a third person. It is recited in the Upchurch Case that, at the time the proceeds of the crop were received from the commission merchant, "there was no person in esse who had the right to receive it from him, except the widow of the deceased, and he was legally bound to pay it to her, for he had received it as her agent." If he "did pay it over to her, he discharged his legal obligation, and he is not responsible to any one else, unless the money had been demanded of him, or notice given him, not to pay it over, by some one, whilst he had possession of the money, *whose title to it was superior to the title of the principal.*" (Italics supplied.) In Thompson v. Stickney, supra, the subject was money collected on illegal assessments. Thus was the right of its receipt in the first instance for consideration. A compilation of the foregoing and other decisions found in 23 L. R. A. (N. S.) 555, was to the effect

[1] 25 So. 579.

that, where the money was paid the agent by mistake or under circumstances entitling the payer to recall it, it may be recovered from the agent, if not paid to the principal without notice. In the case of Upchurch v. Norsworthy, supra, the agent was held liable because he had converted the property, though under orders and directions of his principal. And in Messer-Moore Ins. & Real Estate Co. v. Trotwood Park Land Co., 170 Ala. 473, 54 So. 228, Ann. Cas. 1912D, 718, the joint liability of the agent was for the amount wrongfully paid over to his corporation in breach of the confidential relations resulting from the agency.

[1] It is now declared that, where the agent is known as such by the third person, and the payment to the agent is a proper one, in pursuance of a valid authority and without fraud, duress, or mistake, the third person's remedy, in case he ultimately becomes entitled to a return of the money, is against the principal, and he cannot hold the agent individually liable for its return, although it has not been paid over to the principal. Gulf City Construction Co. v. L. & N. R. R. Co., 121 Ala. 621, 25 So. 579; Huffman v. Newman, 55 Neb. 713, 76 N. W. 409; Kurzawski v. Schneider, 179 Pa. 500, 36 A. 319; Whitney v. Wyman, 101 U. S. 392, 25 L. Ed. 1050.

There was error in sustaining demurrer to the plea.

[2] It was alleged in plea 3 that the contract signed by plaintiff stated the fact of agency and the name of the principal. Under a proper pleading setting this up, the contract should have been admitted in evidence. Plaintiff is in no position to object to the contract because it was not signed by Dean in person but by his authority or was ratified by him. The trial proceeded on the assumption that the contract was not material evidence for the purpose of showing notice of the agency, known by the plaintiff when the payment was made. The demurrer to plea 3, having been sustained, put out of the case this material inquiry of fact. Hence the trial court followed up the ruling on the plea by the exclusion of the contract as evidence. The ruling on demurrer and in excluding the contract was reversible error.

The case should be retried pursuant to the announcements contained in Gulf City Construction Co. v. L. & N. R. R. Co., 121 Ala. 621, 25 So. 579, of the rule in this state on the controverted question of liability of an agent, when the principal was known, when the money sought to be recovered was paid to such agent under such circumstances as that he had the right at the time to receive the payment.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.