(117 So. 180)
### CASSIMUS v. VAUGHN REALTY CO. et al.  (6 Div. 99.)

Supreme Court of Alabama.  May 24, 1928.

**1. Principal and agent ⟫136(4)—Money paid to agent, which in equity belongs to payer, is recoverable from agent prior to his payment thereof to principal.**

Where money has been paid to agent which in equity and good conscience belongs to person making the payment, equitable action for money had and received will lie against the agent for its recovery so long as it has not been paid over by the agent to his principal.

**2. Principal and agent ⟫136(4)—Purchaser held entitled to recover earnest money paid vendor's agents, on vendor's subsequent failure to make title, where money had not been turned over by agents.**

Where vendor's agents executing contract for sale of land, which required the vendor to furnish abstract showing good and merchantable title, received earnest money and vendor was subsequently unable to make title, purchaser was entitled to recover earnest money from agents where money had not been paid over to their principal, especially where the evidence was conflicting as to whether the identity of the

---

⟪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

vendor was known to the purchaser at the time of the contract and payment of earnest money.

**3. Principal and agent ⏤190(1)—Vendor's agents, sued for earnest money on vendor's default, had burden to prove money was paid over to principal.**

In action by purchaser against vendor's agents to recover earnest money payment on failure of vendor to make title, burden of proof as to whether agents had paid over the money to their principal rested upon the agents.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action in assumpsit by George Cassimus against the Vaughn Realty Company, James H. Vaughn, and Thomas H. Vaughn. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Reversed and remanded.

Erle Pettus, of Birmingham, for appellant.

Where an authorized agent receives and holds money which ex æquo et bono belongs to another, the latter may elect to hold either the principal or agent responsible. Eufaula Gro. Co. v. Missouri Nat. Bank, 118 Ala. 408, 24 So. 389.

Mullins & Jenkins, of Birmingham, for appellees.

The defendants, in receiving the money, were acting as agents for a principal, who was disclosed by written contract. Plaintiff was not entitled to recover of the agent the money so paid. Ingram Land Co. v. Moore, 213 Ala. 19, 104 So. 134.

SAYRE, J. Plaintiff, Cassimus, entering into a written contract with defendants Vaughn Realty Company for the purchase of two lots in Smithfield, November 13, 1924, paid to defendants the sum of $100 as earnest money. On the part of defendants, the contract was executed by "Vaughn Realty Co., Agts.," and it was stipulated that "the seller," who, according to plaintiff's testimony, was not otherwise named, designated, or known, should furnish an abstract showing a good and merchantable title and furnish a warranty deed, the "deal to be closed within 30 days from date * * * unless otherwise agreed," in default whereof the earnest money was to be returned to the purchaser. The evidence leaves no room for doubt that the contract of sale failed of completion because "the seller" was unable to comply with its requirements as to title. December 20, 1924, plaintiff wrote to defendant company demanding, in effect, the return of his earnest money. The demand being refused, plaintiff brought this suit.

The trial court, on the request of defendants, instructed the jury that plaintiff could not recover, being, we may assume, influenced thereto by the then recent decision in Ingram Land Co. v. Moore, 213 Ala. 19, 104 So. 134, the theory of which is that where a party discloses his principal and is known to be acting as an agent, enters as such into a contract, he is not liable thereon in the absence of his express agreement to be thereby bound. Whitney v. Wyman, 101 U. S. 392, 25 L. Ed. 1050. Gulf City Construction Co. v. L. & N., 121 Ala. 621, 25 So. 579, was cited as an Alabama authority for the decision. The cases cited in the last-mentioned case do no more than assert the principle that, quoting the headnote in Comer v. Bankhead, 70 Ala. 493:

"It is generally true, that where a party plainly appears, upon the face of an agreement, to be acting as the agent of another, the contract is binding solely on the principal, unless the agent superadds his own responsibility by special stipulation."

[1, 2] But in a suit to recover earnest money from the agent of the seller, the contract of purchase having failed, there is reason for the application of a different rule. 2 C. J. 821, § 495, where cases from the Supreme Court of the United States, the courts of England, and many of the state courts of this country, including Upchurch v. Norsworthy, 15 Ala. 705, are cited, and the rule, peculiarly apt in the circumstances of this case, is stated in the footnote as follows:

"So long as the money has not been paid over by the agent to his principal, nor his situation altered, relatively to his principal, as touching that fund, it may be recovered from him [the agent]. Neither he nor his principal, is, in conscience, entitled to retain it; but, ex æquo et bono, it belongs to the payer; and an action lies to recover it. It is not the property of the agent; and therefore he cannot retain it. And it is not the property of the principal; and therefore he [the agent] does not hold it for the use of the principal. He holds it for the use of him who illegally, or by mistake, has paid it. The agent is not liable to the principal for it. The equitable action for money had and received for his use will lie against the agent to recover it back."

Thompson v. Stickney, 6 Ala. 579, Cook v. Cook, 28 Ala. 660, and Eufaula Grocery Co. v. Missouri Bank, 118 Ala. 408, 24 So. 389, might have been cited. In Eufaula Grocery Co. v. Missouri Bank the court said:

"The general proposition cannot be well denied, that where a person, as authorized agent of another, receives and holds money which ex æquo et bono belongs to a third, the latter may elect to hold either the principal or the agent responsible (the latter by giving him notice of the election before he pays the money over to the principal), and maintain an action for money had and received against the party so elected to be held" (citing authorities, among others, Cook v. Cook, supra).

This rule should in equity and good conscience apply to the facts in the present case,

in which defendants have admittedly received money, not indeed by fraud or mistake, by which they retain in wrong of their employer and plaintiff as well. If the line of cases last noted be followed, plaintiff would have been entitled to the general charge requested by him—this for the reason that neither defendants nor their principal had any claim to the money in the hands of defendants who had received it from plaintiff as earnest money on a contract which had failed. The sole reason for refusing the charge was that the owners of the property should have been sued.

[3] In furtherance of this last-stated view of the applicable law, it should be added that there was no defense based upon allegation or proof that defendants had paid the money over to their principal, and the well-settled law is that the burden of proof as to that rested upon the defendant agents. Simmonds v. Long, 80 Kan. 155, 101 P. 1070, 23 L. R. A. (N. S.) 559; Gillaspie v. Wesson, 7 Port. 454, 21 Am. Dec. 715.

The court now prefers the doctrine of Eufaula Grocery Co. v. Missouri Bank, and, in so far as Ingram Land Co. v. Moore and Gulf City Construction Co. v. L. & N., 121 Ala. 621, 25 So. 579, hold to the contrary, they are now modified.

But even if Ingram Land Co. v. Moore, supra, be followed, there was error, for the rule of that case applies only when the seller is known to the purchaser at the time of the contract and payment of earnest money. As to that the evidence was in dispute, and the general charge given to defendants was error. Reversed and remanded.

All the Justices concur, except GARDNER, J., not sitting.