(122 So. 424)

**BELL–CARNS REALTY CO. v. DRENNEN.**
(6 Div. 316.)

Supreme Court of Alabama.    May 9, 1929.

Rehearing Denied May 30, 1929.

Drennen & Burns, of Birmingham, for appellee.

Mullins & Jenkins, of Birmingham, for appellant.

SAYRE, J. Defendant Bell-Carns Company, a corporation, hoping to earn a commission on a sale of realty by one Davis to plaintiff Drennen, undertook to bring about the sale, and with that end in view procured plaintiff to sign a paper writing which would witness an agreement between the parties for the sale of the property at a named price. This writing contained conditions other than those to which we shall refer presently; but those other conditions are of no importance on this appeal. In pursuance of the terms of the proposed contract plaintiff paid to defendant the sum of $500 as earnest money, "the trade to be closed within sixty days" and plaintiff to assume outstanding mortgages to bear interest at 6 per cent. This tentative contract contained a stipulation as follows:

"In the event the purchaser fails to carry out and perform the terms of this agreement, he shall forfeit the above-mentioned earnest money as liquidated damages for such failure or refusal, provided seller will agree to cancel within contract and the earnest money so forfeited shall be divided equally between the seller and the agent," defendant.

The owner, when the proposed contract was presented to him for his signature, changed the terms so as to provide that "the trade was to be closed within thirty days" and plaintiff was to assume outstanding mortgages at 8 per cent., and signed the paper writing as so changed. But plaintiff refused to accept these changes and demanded the return of his earnest money. Defendant, refusing to return the earnest money, continued during forty days its efforts to find another purchaser at a price in excess of that which plaintiff had proposed to pay, the profit to go to plaintiff, and plaintiff recognized defendant's effort as being for his benefit and finally agreed to a ten days' extension of the time within which a purchaser might be found, the same being the last ten days of the forty mentioned above. No new purchaser was found and, according to the testimony of plaintiff, he continued to demand the return of his earnest money. Defendant, evidently having in mind the terms of the paper writing to which we have referred, paid over one-half of the earnest money to Davis, for whom in the meantime it had found another purchaser, and retained one-half for its own use.

■ Defendant requested the general charge and assigns its refusal for error. On the undisputed testimony the paper writing to which we have referred never became the memorial of any contract between the parties. Its terms bound neither party. And yet it was properly considered in evidence for what it might be worth, in connection with the other evidence (testimony) in the cause, as shedding light upon the purpose and intent of the parties in their subsequent negotiation. The argument for the general charge proceeds upon the notion that defendant was acting as agent for the owner, Davis, and so that Davis, and not defendant, should have

been sued; this on the theory of law shown by the case of Ingram Land Co. v. Moore, 213 Ala. 19, 104 So. 134. But the law of that case was modified in Cassimus v. Vaughn Realty Co., 217 Ala. 561, 117 So. 180, which case was followed in Ingram Land Co. v. Moore (Ala. Sup.) 118 So. 345,[1] so that, if plaintiff was entitled to have his money back, his remedy was against defendant, since defendant collected that money on plaintiff's check, retains a part of it, and paid over the balance to Davis after full notice of plaintiff's claim and demand for its return.

■ Defendant's alternative contention is that, in any event, it can be held for $125 only; this for the reason that it has paid over to Davis $250 of the earnest money and $125 to its employee who undertook to manage the negotiation for the sale of the property. This contention proceeds upon the hypothesis, obviously, that the terms of the tentative written contract governing the disposition of the earnest money in the event plaintiff failed to carry out and perform the agreement—the terms heretofore quoted—continued to control the disposition of that money notwithstanding the parties failed to agree as to other matters. The proposition cannot be maintained. It may be conceded that there was evidence from which the jury might have inferred an understanding between the parties that for the purpose of then future negotiation—negotiation during the forty-day period which has been mentioned—the earnest money remained to be disposed of as provided in the tentative contract in writing; but plaintiff's testimony was to the effect that all the time he was claiming and repeatedly demanding the return of his money, and we are not at all prepared to say as matter of law that the jury should have found that the parties were proceeding with a common understanding that defendant still held the earnest money as such under the terms of the tentative agreement in writing or that plaintiff's course of action was calculated to mislead defendant to that conclusion.

Appellant groups assignments of error from 6 to 33, both inclusive, but not including assignments 17, 18, 24, and 25, and the substance of the comment is that "the court erred in allowing oral testimony of the appellee seeking to vary or explain the facts which were the subject-matter of the contract signed by him." We have already indicated our judgment that there was no written contract between the parties for the reason that there was no meeting of their minds on the terms of the writing after it had been changed by Davis. The testimony to that effect was without contradiction, as we have said, and it needs no argument to prove that plaintiff was not bound by the terms of a writing which he had not signed.

■ Twenty-three other assignments are grouped and supported by the argument that

[1] 218 Ala. 181.

defendant's agent, Mills, who conducted the negotiation between the seller and plaintiff, had no authority to make an oral agreement with plaintiff that varied the terms of the written contract by way of inducing the plaintiff to sign that contract. This argument seems to have in view testimony tending to show that, after plaintiff refused to accept the contract in writing as changed by the seller Mills offered to continue his efforts to get a purchaser who would take title from plaintiff and to return to plaintiff $250 of the earnest money if he failed therein. But plaintiff's testimony was that he continuously demanded the return of the earnest money, as we have noted. The question whether plaintiff entered into a new verbal contract with Mills, by which at best he would become entitled to a return of $250 only, was a question for jury decision.

■■ Further, the argument last above noted appears to proceed upon the theory that, if defendant's agent Mills had no authority to make the last offer, plaintiff was not entitled to recover any part of the earnest money. But, so far as concerns the title to the earnest money, defendant is not in a position to make any question as to the authority of its agent in the premises for the reason that it holds the money, or did hold it, through its agent, so that, if it would deny the agent's authority, its duty was to return the money. But the exceptions noted in connection with this branch of appellant's brief raise the question, not whether upon the whole evidence plaintiff was entitled to recover, or, if so, how much, but whether plaintiff was properly allowed to show by parol that he had not agreed to the contract in writing after it had been changed by the seller. The rule that antecedent or contemporaneous oral stipulations cannot be received to vary the terms of a written contract has no application when the execution or delivery of the writing is the subject of inquiry. As to that, "Extrinsic evidence is admissible of necessity, and it in no way contradicts the writing." 3 Jones on Ev. (2d Ed.) 2760; White v. Kahn, 103 Ala. 315, 15 So. 595.

We find no reversible error.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

