(127 So. 168)

**HARDUVAL et al. v. MITCHELL.**

6 Div. 567.

Supreme Court of Alabama.

March 20, 1930.

Wilkinson & Burton and A. Leo Oberdorfer, all of Birmingham, for appellants.

Wm. S. Pritchard, J. D. Higgins, and James W. Aird, all of Birmingham, for appellee.

SAYRE, J.

This was an action to recover earnest money paid by appellee to an agent of appellants on the proposed purchase of a lot by appellee from appellants. Afterwards appellee refused to take the lot, alleging that it measured twenty feet only on the street, whereas he had bargained for a twenty-five foot lot, and then brought his action to recover the earnest money. Judgment for plaintiff. Defendant appeals.

Plaintiff sought to maintain his action on the theory of section 8049 of the Code that: "Misrepresentations of a material fact * * * if made by mistake and innocently, and acted on by the opposite party, constitute legal fraud." The evidence was in conflict, plaintiff's contention being that defendants' agent for the sale of the lot had pointed.it out to him as fronting twenty-five feet on the street. Defendants' evidence was that their agent had merely pointed out the lot, saying nothing about its dimensions, leaving plaintiff to judge for himself as to that.

■■ No error is shown by assignments 1, 2, 3, 4, 5, or 6. Plaintiff's "object and purpose" in the proposed purchase, that is,. his purpose to resell quickly at a profit, was of no consequence in respect of the issue between the parties, and was denied admission in evidence without error to reverse. So of the evidence offered by defendants as to what had passed between defendants' agent and plaintiff with respect to a lot on Gary avenue. The money in suit had been left with defendants' agent to bind a bargain for a lot on another street, and it was well to keep the two matters from confusion in the minds of the jury, for in law they were wholly different.

■ Charge shown by assignment of error 14, refused to defendant, was misleading, in that it invited the jury's speculation as to what would have happened in an immaterial event. We say immaterial because plaintiff was entitled to rely and act upon the representations of defendants' agent whatever might have happened in a different event. The question for jury decision was, not what plaintiff would have done in circumstances other than those shown by his evidence, but whether his evidence as to what was done in fact was to be believed. It is true, of course, that, if plaintiff did not act, that is, rely on representations made by defendants' agent, he was not entitled to recover, and, by a process of reason, it is possible to work out equivalence of meaning between the definition of the statute and the proposition of defendants' requested charge. But that possibility cannot avail for a reversal—this for the reason that the proposition of the charge, in the simple and direct form to which it might have been reduced, viz., whether there had been a misrepresentation as to the size of the lot and whether plaintiff had relied upon that misrepresentation, as conditions of recovery, was very plainly stated to the jury by the court in its oral charge.

■ Charges given to plaintiff and made the subject of assignments of error 11, 12, and 13 reiterate in somewhat different form, but in substantial conformity, the rule of the statute, section 8049 of the Code. Giving them, the court committed no reversible error.

■ The general affirmative charge was refused to defendants without error. The proposition of the brief on this appeal is based upon Cassimus v. Vaughn Realty Co., 217 Ala. 561, 117 So. 180, and Eufaula Grocery Co. v. Missouri National Bank, 118 Ala. 408,. 24 So. 389. The idea advanced is that the suit had rather been brought against the agent who received the earnest money from plaintiff. But the facts in evidence do not bring this case within the rule of the cases referred to. Defendants did not raise the question by their evidence—did not deny that they had received the money from their agent—if that would have made any difference in their liability.

The judgment is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.