BRADLEY, Judge.
The events which culminated in this appeal arose out of a dispute regarding a land sales contract between the parties. Under the terms of the contract in question, appellant-L. M. Cater (hereinafter referred to as seller) agreed to sell certain real property to appellee-Daniel R. Haralson (hereinafter referred to as buyer). Pursuant to this agreement buyer deposited $5,000 in an escrow account to be held there until the transaction was actually completed. After the money had been placed in this account a misunderstanding occurred between the parties.
Buyer claimed that seller refused to sign the real estate sales agreement which had been entered into by the parties. Thus, buyer concluded that seller was no longer willing to sell him the land he (buyer) desired and demanded that seller return the $5,000 “earnest” money payment. When seller refused to return the money, buyer filed an action seeking recovery of the $5,000 payment.
On the other hand, seller asserted that buyer had requested that he (buyer) be given an additional period before the completion of the conveyance in order to obtain financing for the purchase, and that subsequent to his request, buyer contacted seller, informed seller that he was unable to obtain financing and demanded the refund of *243 the money held in the escrow account. Upon learning that buyer had brought a suit against him, seller filed a counterclaim alleging that buyer had defaulted under the terms of the real estate sales agreement and that seller was entitled to retain the $5,000 payment. Maintaining that he was still willing to convey the real estate, seller also demanded that buyer pay him a broker’s fee because of the latter’s default with regard to the provisions of the contract.
Following the above described events, buyer made a motion for a summary judgment under Rule 56, ARCP. After an examination of the pleadings and affidavits submitted on behalf of both parties, the trial court granted buyer’s motion for summary judgment, ordered seller to return the “earnest” money payment and dismissed the seller’s counterclaim with prejudice. From the order of the trial court granting buyer’s motion for summary judgment seller appeals.
We believe that the trial court correctly granted the motion for summary judgment on the basis that the moving party (buyer) was entitled to a judgment as a matter of law.
The real estate sales contract entered into by the parties provided that:
“This instrument shall be regarded as an offer by the party who first executes the same, to the other, and is open for acceptance by the other until noon, on the — day of-, 19_, by which time it must have been accepted and executed by both Seller and Purchaser in triplicate and have been actually received by the Agent.”
The blank spaces in this provision of the contract were never filled in. However, buyer signed the agreement and a real estate agent took the document to seller in order to obtain his signature. Nonetheless, the real estate a.gent stated in her affidavit, which was submitted in support of buyer’s motion for summary judgment, that seller refused to sign the real estate sales contract. At the pre-trial conference which was held on this matter seller admitted that he did not sign the contract. Thus, there was no genuine issue as to any material fact regarding this portion of the contract. Buyer executed the instrument by his signature and thereafter the document evidenced an offer which was contingent upon the seller’s acceptance via his signature. Seller never signed the instrument and buyer withdrew his offer. We believe that buyer had every right to take such action in view of the fact that seller never complied with the contractual terms necessary to create acceptance of the offer.
A party who makes an offer to purchase a parcel of land has the right to stipulate in his offer whatever conditions and terms he desires, provided such conditions are within the law. Federal Land Bank v. Bridgeforth, 233 Ala. 679, 173 So. 66 (1937); Ingalls Steel Products Co. v. Foster & Creighton Company, 226 Ala. 122, 145 So. 464 (1932). Accordingly, the offeror may stipulate conditions as to the mode of acceptance and may withdraw his offer if the offeree fails to comply with the mode of acceptance which he (the offeror) has provided. See Federal Land Bank v. Bridgeforth, supra; Ingalls Steel Products Co. v. Foster & Creighton Company, supra. In the instant case, seller’s signature was necessary to create a valid acceptance; however, seller failed to sign the agreement and thus buyer was entitled to withdraw his offer and recover his “earnest” money payment.
Nor do we agree that the trial court erred in granting a summary judgment in favor of buyer because of the purported oral agreement between the parties to delay the completion of the land transaction.
Seller argues that conditions of acceptance contained in buyer’s offer were waived because of a conversation between the parties which occurred after the terms of the offer had been agreed upon. However, the subsequent oral arrangement between buyer and seller pertained to the period of time within which the transaction was to be completed. This subsequent agreement had nothing to do with the requirement that seller’s signature was essential to the ac *244 ceptance of the offer. Accordingly, there was no evidence presented to the trial court, by affidavit or otherwise, which indicated that buyer had waived the condition that seller’s signature was necessary before the buyer’s offer could be deemed to have been accepted.
An oral agreement may be presented to demonstrate that the written terms of an offer have been modified, waived or varied. See Federal Land Bank v. Bridgeforth, supra; Bell-Carns Realty Co. v. Drennen, 219 Ala. 450, 122 So. 424 (1929). However, oral agreements to extend the time for performing previous agreements merely supplement, rather than change, such agreements’ terms and obligations in other respects. See 17 Am.Jur.2d Contracts § 471. In this instance seller’s pleading was limited to an allegation that he and buyer had orally agreed to delay the transaction between them. There was no allegation that buyer had agreed to waive seller’s signature as a condition for acceptance of the offer.
The pleadings and affidavits submitted by the parties in this cause demonstrated that there was no genuine issue as to any material fact and that the moving party was entitled to a judgment as a matter of law. Consequently, the trial court acted correctly in granting buyer’s motion for summary judgment and the judgment rendered in accordance with that action is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.