Rice S. McCubbin *v.* Robert Graham.

*Error from Atchison County.*

The law fixing the measure of damages in cases of breach of contract for

the sale of lands, on the part of the vendor, *would seem* to require that the amount of money paid on the contract, as well as the amount yet due and tendered, should go into the computation. [Sedg'k Dam., 189].

So, in an action to recover the value of a U. S. 7-30 bond, claimed to have been converted, and where the defense was interposed, that the bond was paid to defendant below as agent of F., as consideration for lands purchased, and that there had been a former recovery thereof by plaintiff of F., and where the record showed that plaintiff below had already succeeded in an action against F. for damages, on account of a breach of said contract of sale of lands, *held* error in the court below to refuse to instruct the jury substantially, that if they find from the evidence that the bond for which this suit is brought is the same alleged to have been paid to F. on the real estate set forth in the petition against F., then the bond is merged, and they must find for defendant.

In such case, *held* error in the court below to refuse to instruct the jury that if they find from the evidence that defendant (below) received the bond merely as the agent of, and for the use of F., disclosing his principal at the time, then defendant (below) is not personally liable, and they must find for defendant.

*Held* that for the court below to limit the above proposition by an instruction that the agent must show that he paid the bond over to his principal, in order to shield himself from liability, was error.

After commencement of the suit by defendant in error against F., refusal on the part of plaintiff in error, he acting as agent of F., to deliver the bond to defendant in error, after having once offered it, when its acceptance was refused, did not give rise to a cause of action, and it was error for the court below to charge to the contrary.

The acts of an authorized agent are the acts of the principal.

On November 4th, 1865, plaintiff in error was the agent for one A. A. Fleming, of Missouri, for the purpose of selling some real estate owned by Fleming, in the county of Atchison. Plaintiff in error had no formal power of attorney, but was authorized by letters from Fleming to negotiate the sale of the real estate, and the deed was to be made by Fleming to the purchaser.

Plaintiff in error, as such agent, negotiated a sale of said real estate with defendant in error, for $5,500,

and received thereon a $500 United States bond, and gave the following receipt until he could send and have Fleming execute a deed of the land to the purchaser:

"Received at Atchison, Kansas, this 4th day of November, A. D. 1865, from Robert Graham, the sum of five hundred dollars, being the first payment of five thousand five hundred dollars to be paid by the said Robert Graham to Augustus A. Fleming for the following lands: All of the lots, blocks and pieces of land lying and being within John Roberts's third addition, known as West Atchison, as appears by plot on file in the office of the register of deeds, in Atchison county, State of Kansas.

(Signed)                   "Augustus A. Fleming,
        "by his agent, R. S. McCubbin."

Fleming declined selling the land at that price, and refused to make a deed, and by his agent tendered the said $500 United States bond back to defendant in error, which bond he refused to accept.   Defendant in error then tendered the balance of the purchase money to Fleming, and demanded a deed, which Fleming refused, and defendant in error thereupon brought a suit against Fleming, in Atchison county, for damages, in which suit he included the said $500 bond. · In that suit he recovered judgment for damages against Fleming, $3,000.   Defendant in error afterwards brought suit against plaintiff in error for the said $500 United States bond, and interest, to which McCubbin pleads a former recovery in the suit against Fleming.   Defendant in error recovered.   Certain instructions were given by the court below to the jury, which are set forth, with other statements of the facts of the case relative to the evidence, in the subjoined opinion.

The case comes to this court on exceptions to the instructions.

*C. G. Foster,* for plaintiff in error.

*Guthrie* and *Horton,* for defendant in error.

*Foster* maintained :

1. The record of the former adjudication, introduced in this case, shows that plaintiff below paid the bond in question to Fleming, through his agent, defendant below. The receipt shows the same.fact. It was a fact necessary to be established in that case. It was, therefore, included in that judgment. Plaintiff below is now estopped from claiming that it was *not* paid to Fleming. 1 *Greenl. Ev.,* §§ 27, 205, 531–2–6.

2. The law fixing the measure of damages also shows that the said five hundred dollars was adjudicated in the former action. The weight of authorities say : "If a vendor, without bad faith, is unable to make a title, the damage is the purchase money paid, with legal interest ; but if the.vendor willfully refuses to convey, the damage is the value of the land at the time of the breach, less the amount of the purchase money unpaid." (*Sedg. Dam.,* 189, 191, 193 ; *Brinkerhoof* v. *Phelps,* 24 *Barb.,* 100 ; 4 *Seld. N. Y.,* 115.) If the purchase money, paid by a vendee, is a part of his legitimate damages against the vendor who fails to convey, then the bond in question was merged in the former judgment.

3. If the measure of damages in that case was the value of the land when the conveyance should have been made, regardless of what had been paid or what

was due as purchase money, then, as plaintiff below had received the whole value of the land (to wit, three thousand dollars), Fleming is entitled to the balance of the purchase money unpaid (to wit, five thousand dollars); and there is still due Fleming, from plaintiff below, after paying the judgment, a balance of two thousand dollars.

4. In no phase of that case can it be shown that Graham has not already recovered the five hundred dollars which he seeks again to recover in this case. The instructions asked and refused on this point therefore should have been given.

5. A former adjudication is conclusive against parties and privies, as to the matter actually adjudicated, and also as to every other matter which the parties might have litigated. He cannot divide up his claim for damages and bring several suits. 1 *Clint. Dig.*, 1091; *Ethridge* v. *Osborn*, 12 *Wend.*, 399 ; *Chit. on Con.*, 808-9 ; *Ehle* v. *Bingham*, 7 *Barb.*, 494 ; *Embery* v. *Conner*, 3 *Coms.*, 511; *Bruen* v. *Hone*, 2 *Barb.*, 586 ; 1 *Greenl. Ev.*, §§ 534, 536 ; 12 *O. St.*, 11-36 ; 1 *Blckf.*, 360 ; 18 *How.*, 418 ; 7 *O. St.*, 162.

6. The court erred in refusing to instruct the jury that if they found that R. S. McCubbin received said five-hundred-dollar bond merely as the agent of said Fleming, and for the use and benefit of said Fleming, disclosing his principal at the time, then McCubbin was not liable to plaintiff, and they must find for defendant. *Story Agency*, 291-296, 261 ; *Brown* v. *Rundelett*, 15 *N. H.*, 360 ; *Eastman* v. *Coos Bank*, 1 *id.*, 23 ; 2 *Kent Com.*, 629 (*5th ed*).

7. The court erred in instructing the jury that if they found that defendant received the five-hundred-dollar bond, sued upon from plaintiff as agent for Fleming,

and that after Fleming refused to receive the same, defendant deposited the same in the bank, subject to plaintiff's order, and afterwards refused to deliver the same to plaintiff on demand while it was in his possession, they must find for the plaintiff. (*Instructions Nos.* 5, 6, 7.) It was in proof that Graham refused to accept said five hundred dollars until after the trial of the case against Fleming, and after the jury had retired. In that action he had set up the payment of this five hundred dollars to Fleming as a part of his damages, and had introduced Fleming's receipt for the same, and gave other evidence showing that Fleming then had in his possession said five hundred dollars. The plaintiff below could not recover it twice. An offer to deliver back the bond, unaccepted at the time, gives no right of action to recover its value.

*Guthrie* and *Horton*, for defendant, submitted the following suggestions :

1. This action is the same as trover at common law.

2. In regard to the action of the court in refusing to give the charges prayed for by plaintiff in error, we submit that the said charges were properly rejected, because—*a.* No foundation was laid by the introduction of evidence on the trial, to warrant the presentation by the court to the jury of said instructions. It is the law that instructions should not be given unless supported by the evidence. (*Harrison* v. *Cachelin*, 27 *Mo.*, 26 ; *Donohoe* v. *Glasgow*, 1 *Mo.*, 505.) *b.* The instructions given by the court, on application of the plaintiff in error on said trial, embodied the substance of the instructions rejected, and it is well settled that a judgment will not be reversed on account of the

refusal of instructions which are afterwards substantially given (*Carroll* v. *Paul*, 19 *Mo.*, 102 ; *Williams* v. *Van Meter*, 8 *Mo.*, 339 ; *Pond* v. *Wyman*, 15 *Mo.*, 175), where a party has not been prejudiced by the action of the court in rejecting the two instructions prayed for by plaintiff in error, and refused. Where instructions, as a whole, contain a correct exposition of the law, and fairly present the case, the judgment will not be reversed because exceptional when taken separately, or because others were refused which were proper in themselves.  8 *Mo.*, 339 ; *Hurst* v. *Robinson*, 13 *Mo.*, 82 ; 13 *Mo.*, 465 ; 17 *Mo.*, 310.

3. As to the ground of alleged error, that the court gave erroneous charges to the jury on said trial, we submit that the court, from the record in this case, cannot decide that the instructions were improperly given, because the evidence upon which the said instructions were based is not preserved in the bill of exceptions. *Cawthorn* v. *Muldrow*, 8 *Mo.*, 617 ; 9 *Mo.*, 351; 9 *Mo.*, 165 ; 6 *Mo.*, 253.

4. Only three instructions were given by the court to which plaintiff in error objects. Two of these instructions, numbered 5 and 6, were evidently given upon evidence produced on the trial by Graham, defendant in error. No attempt has been made to preserve, in the bill of exceptions, any portion of the evidence produced in the court below, by the said Graham, and, in the absence of the evidence upon which the said instructions were given, the court will presume that evidence was offered in the case warranting the instructions given. All reasonable presumption will be made in support of the judgment below. *McGirk* v. *Chanvin*, 3 *Mo.*, 236 ; *Magshaw* v. *Orme*, 7 *Mo.*, 4 ; *Ingram* v. *The State*, 7 *Mo.*, 293.

5. Again, the bill of exceptions shows that the plaintiff in the court below offered evidence, on his part, to maintain the allegations of his petition, and the court will conclude sufficient evidence was so offered, upon which the instructions given could be based.

6. Instruction No. 7, given by the court, to which plaintiff in error objects, is an instruction favorable to plaintiff, and, whether right or not, could not have prejudiced the rights of said McCubbin.

7. If the court, without having any portion of the evidence preserved in the bill of exceptions upon which the instructions objected to were given, can review the action of the court below in this matter, we submit that the said instructions embodied correct principles of law, and were applicable to the facts produced on the trial.

8. Where it is apparent that no injury has resulted from the instructions given, and that the judgment was for the right party, it is immaterial whether the instructions were erroneous or not. *Swearingen* v. *Orme*, 8 *Mo.*, 707.

9. This court can only examine the former case upon the record thereof, to determine from the issues therein joined, whether there has been a former recovery of the matter at issue in this case so as to bar the action of Graham v. McCubbin; and the court in this connection will consider the fact, that in the case of Graham v. Fleming, the plaintiff in error in this case was no party. In the case of Graham v. Fleming, Graham claimed damages for a breach of contract on the part of the said Fleming. In the case of Graham v. McCubbin, Graham seeks to recover the value of a certain bond wrongfully converted by McCubbin to his

own use and benefit. A record in one suit cannot be read in evidence in another suit, unless both parties or those under whom they claim were parties to both suits, it being a rule that a record cannot be used against a party who could not avail himself of it in case it made "in his favor." 1 *Paige,* 35.

10. The former recovery is no bar to the action of Graham v. McCubbin, until the judgment in the case of Graham v. Fleming is satisfied. The record does not show that the judgment was satisfied, and further, does not show that even an execution issued.

11. It is decided in 1 Johns., 290, in case of Livingston v. Bishop, that if separate suits be brought against several joint trespassers, the plaintiff may recover separately against each, but he can have but one satisfaction, and he may elect *de melioribus damnis,* and issue his execution therefor against one of them, and the other defendants will be obliged to pay the costs of the suits against them, respectively.

Until a plaintiff receives his damages for a trespass from one of the trespassers, he does not discharge the others. 8 *Cow.,* 11 ; *Knickerbocker* v. *Colver,* 1 *Johns.,* 270 ; 8 *Cow.,* 43 *and* 44 ; 3 *Abbott's N. Y. Dig.,* 511 ; 4 *Denio,* 302.

When the plaintiff has recovered judgment without satisfaction, he is not barred from afterwards maintaining trover against another person for the same goods. *Greenleaf, p.* 707, § 533, *and the authorities there cited ;* 1 *Johns.,* 290 ; 8 *Cow.,* 43 *and* 44 ; 4 *Denio,* 302.

*By the Court,* Safford, J.

Robert Graham, plaintiff in the court below, brought

his action to recover the value of a certain five-hundred-dollar United States bond, of the description commonly known as "seven-thirties." He alleged in his petition that the bond was of the value of five hundred and forty dollars; that he was the owner thereof on the 11th day of June, 1866; and that Rice S. McCubbin, the defendant, on the 20th day of June, 1866, wrongfully converted the same to his own use and benefit.

McCubbin interposed two defenses: first, a general denial; and second, a former recovery of the value of the said United States bond by the plaintiff, in the case of Robert Graham v. Augustus A. Fleming, tried in the district court of Atchison county at the June term, A. D. 1866. Said second defense was in these words: "And for defense number two, defendant says that the said United States bond referred to in said petition was paid to defendant by said plaintiff, and by said defendant received in the capacity of agent only, for one A. A. Fleming; that said plaintiff paid and delivered the said bond to defendant as part payment for the purchase of certain real estate in Atchison county, then owned by said Fleming, and for the sale of which said defendant was acting merely as agent for said Fleming—all of which was well known by said plaintiff. Defendant further says that he delivered the said bond to said Fleming, in pursuance of said agreement, and that said plaintiff afterwards brought an action in this court against the said Fleming for the recovery of damages for the refusal, on the part of said Fleming, to complete said sale, and execute a deed to plaintiff of said real estate, and among other damages he included and sued for the value of said bond, and recovered a judgment therefor against said Fleming."

Graham replied, denying all of the allegations of the answer. Upon the issues thus joined, trial was had, and a verdict and judgment rendered in favor of plaintiff for the sum of five hundred and forty dollars and costs.

Defendant moved for a new trial, which was overruled, and he now brings the case here for review. Several errors are alleged and set out by the bills of exceptions, among which are the following: It is claimed that the court erred, both in refusing certain instructions asked for by McCubbin, and in giving others to which he excepted, all of which are set out. The bills of exceptions do not state in so many words that they contain all the instructions asked for or given by the court to the jury upon the trial, of this cause, but, judging from the course of argument pursued by counsel in their briefs, as well as from the arrangement of the instructions in the record, we think that such must be the case. The following are the instructions asked for by McCubbin, and refused by the court:

"Instruction No. 1.—If the jury find, from the evidence, that the five-hundred-dollar United States bond, for which this suit is brought, is the same five hundred dollars by plaintiff alleged to have been paid to A. A. Fleming, as part payment for real estate known as Roberts's addition to the city of Atchison, and which was set forth in his petition against said Fleming, then the said five-hundred-dollar bond is merged in the judgment, and they must find for the defendant."

The issue to which this instruction was evidently intended to go, was fairly tendered in the pleadings.

The record also shows that the proceedings in the case of Graham *v.* Fleming were sufficiently before

the jury in the case, to enable them to understand the basis of the defendant's claim ; that the five-hundred-dollar bond sued for was the same five hundred dollars mentioned as having been paid to Fleming in that case, and recovered for.   It also shows that evidence was given tending to prove that the allegations of the defendant in this behalf were true.   Besides, the law fixing the measure of damages in cases of breach of contract for the sale of land on the part of the vendor, would seem to require that the amount of money actually paid on the contract, as well as the amount yet due, and tendered to be paid, should go into the computation, in order to ascertain the amount in which the vendor had been damaged by the breach.   Adhering to this rule, the conclusion in this instruction would seem to follow the premises. (*Sedgwick* 189, *and cases there cited.*)   Such being the case, we think that the instruction was substantially correct, and applicable to the case presented by the pleadings and evidence.

"Instruction No. 2.—If the jury find, from the evidence, that R. S. McCubbin received said United States bond merely as the agent of said Fleming, for the use and benefit of said Fleming, disclosing his principal at the time, then McCubbin is not personally liable to plaintiff, and they must find for the defendant."

It is claimed in the answer of McCubbin, and he offered evidence tending to prove that the United States bond was paid by plaintiff to defendant merely as agent for A. A. Fleming, and for his use and benefit, and for the purchase of certain real estate, to be conveyed by said Fleming to said plaintiff; and that said plaintiff had recovered judgment for three thousand dollars against said Fleming, for failing to convey the real estate which McCubbin, as his agent, had agreed

should be so conveyed. All this appears from the record before us, and we confess to inability to perceive any good reason why the court refused the instruction, under the circumstances. It was most certainly pertinent to the issue, and embodied a sound principle of law applicable to the evidence.

If McCubbin was acting merely as the agent of Fleming, and authorized to bind him in the transaction concerning the real estate, as he assumed to do, and as the record shows he was held by the court and jury, in the case of Graham *v.* Fleming, to have done, then the plaintiff had no more claim for anything done in that capacity of Fleming's agent, and within the scope of his agency, as against McCubbin, than he would have against a stranger. As to McCubbin's acts for and in behalf of Fleming, his agency being established, they were Fleming's acts, for which he alone would be liable to plaintiff.

This was the rule of law asked to be given to the jury in behalf of defendant. It was error to deny it.

But it is claimed that in the instructions given, the court went as far as the law would allow. We think not. The court said to the jury :

"Instruction No. 3.—If the jury find, from the evidence, that R. S. McCubbin received said U. S. bond with plaintiff's knowledge and consent, merely as the agent of Fleming, and for his use and benefit, and paid said bond, or its equivalent, to Fleming, then he (McCubbin) is not liable to plaintiff."

If all the other facts set out in this instruction were true, we think that the addition of the words "and paid said bond, or its equivalent, to Fleming," were more than superfluous. They limited the proposition intended to be embodied in the instruction,

to the injury of the defendant. If McCubbin was .the agent of Fleming, he was liable to him alone, if he did not pay over the money belonging to Fleming, and most assuredly not to the plaintiff.

But this instruction, and the one following it, were undoubtedly sound propositions ; but, as applicable to this case, they would have been equally sound had the limitation spoken of, as to payment of the bond to ..Fleming, been entirely omitted. So, also, with regard to instruction No. 7 ; the clause respecting the pay-ment of the bond in good faith, by McCubbin to Fleming, should have. been left out.

The bill of exceptions further shows that, evidence having been offered on the part of both plaintiff and defendant, to support their respective claims, and on the part of defendant tending to show that the plaintiff refused to accept the $500 bond for which this suit was brought, and that he did not offer to receive it from, or demand it of, McCubbin, until after the close of the trial in the case of Graham v. Fleming, and after the jury had retired, thereupon the court instructed the jury as follows :

"Instruction No. 5.—If the jury find, from the evi-dence, that defendant received the bond mentioned in plaintiff's petition, from plaintiff, as agent for one Fleming, and that after Fleming had refused to receive the same, defendant deposited the same in the bank, subject to the order of plaintiff, and afterwards refused to deliver the same to plaintiff, on demand, whilst it was in his possession, the jury must find for the plain-tiff.

"Instruction No. 6.—If the jury believe, from the evidence, that the bond sued for was paid to McCubbin, as agent for Fleming, and Fleming refused to accept

the bond or money, and McCubbin notified Graham that Fleming had refused to receive it, and that he should hold it for Graham, or deposit it in the bank for Graham, and afterwards paid the same to Fleming without the consent of Graham, they ought to find for the plaintiff the value of the bond."

To both of these instructions the defendant excepted, at the time.

We think that, under the circumstances, both of these instructions should have been refused. The case shows that at one time the bond was tendered back to Graham, but he refused to receive it, and brought his suit for damages on account of the failure of Fleming to carry out the sale made by McCubbin, as his agent. Having taken this course, and submitted his case to a jury, we think he was asking a great deal of Fleming —or what was the same thing, of McCubbin, Fleming's agent, as he (Graham) claimed—when he demanded the bond he had once refused to accept, and before Fleming could know the result of the suit against him. Besides, we do not think the conclusions of the court follow the premises, as laid down in these instructions.

As before remarked, Graham had refused the bond when tendered back to him, but afterwards, as it would seem, changed his mind, and demanded it. Fleming also at one time refused it; but after being subjected to the annoyance of a suit for damages, which had proceeded to trial, we do not see why he had not the right to change his mind and keep it, if he thought proper. But after all, if the plaintiff's petition in the suit against Fleming was correct, and it was so adjudged, McCubbin was really his agent through this whole transaction, and the agent's refusal to deliver the bond was the refusal of his principal. Such refusal

would give plaintiff no cause of action, as against him. It is, perhaps, proper to remark here, that a portion of instruction 5 bears the mark of inconsistency on its face, and *that* in the portion respecting the deposit, by McCubbin, of the bond in the bank, subject to the order of Graham. If that was ever done, how could he ever have withdrawn it, unless by consent of Graham?

Several other points are raised by the counsel, in the discussion of this case. But, as our views respecting the instructions are such as will necessitate our sending it back for a new trial, and as the points referred to might not have been material, even if well taken, had proper instructions been given to the jury, we shall not advert to it here.

The judgment of the district court in this case will be reversed, and the cause sent back, with instructions to grant a new trial therein.

BAILEY, J., concurring.

KINGMAN, C. J., not sitting in this case.