LUCIUS STEBBINS *vs.* SEYMOUR S. WATERHOUSE.

Hartford Dist., Jan. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and THAYER, Js.

The act of 1889 (Session Laws, ch. 249,) which created the office of state referee, provides that it shall be the duty of the referee to hear and report to the Superior Court the facts in such cases, pending in that court, as shall be referred to him, but does not provide for any action upon the report by the court. Held that, as the duties to be performed by the referee are similar to those performed by auditors and committees, it must be taken to be the intention of the legislature that the court should proceed with a report from him in the same way that it would do with a report from an auditor or committee.

Whether the state referee has power under the statute to find the issue upon the facts found by him: *Quære.*

Where he did so, and the court, assuming that he had not power to do it, itself found the issue upon the facts reported, it was held that the error, if there was one, had become harmless.

The defendant by a written contract agreed to labor for the plaintiff upon an orange grove in Florida for one year, and to use his best judgment and all reasonable energy in carrying out his instructions and in promoting his interests; the plaintiff to pay him $600 a year in quarterly payments and to supply him with a house, fuel and necessary table provisions. Held that by the contract the defendant was required to devote his entire time to the service of the plaintiff.

The defendant during the term of his service under the contract used a team of the plaintiff in his own business. Held that, if he had not intended to pay for such use, as he received a benefit from it a promise to pay for it would be implied.

[Argued January 15th—decided February 17th, 1890.]

ACTION to recover damages for neglect to perform a contract for personal services, with a count for an indebtedness for the use of the plaintiff's property; brought to the Superior Court in Hartford County. The case was referred to the state referee, who reported the facts to the court, and found the issue for the plaintiff upon the second count. The defendant remonstrated against the acceptance of the report. The court (*Fenn, J.,*) overruled the remonstrance and accepted the report, and upon the facts found rendered judgment for the plaintiff. The following minute of the judgment was made by the court:—

"In the opinion of the court the state referee exceeded his authority in finding the issue for the plaintiff upon the facts found relative to the mule and buckboard, and for the plaintiff to recover of the defendant, the same being, in the opinion of the court, a matter of law. But as in the opinion of the court the facts found and reported entitle the plaintiff, as a matter of law, to recover, such portion of the report does not harm the defendant, and may be treated as surplusage. Therefore the remonstrance is overruled and the report accepted; and, the parties agreeing that without further hearing such judgment shall be rendered on the report as may seem to the court demanded in the premises, reserving the right to appeal as in other cases, and claiming that the court

is not authorized to take any action whatever on the report, the facts reported by the referee are found true, and thereupon the issue is found for the plaintiff, to recover of the defendant for the use of said mule and buckboard the sum of $90, and for services not performed, as described in the report, $720, making the sum of $810, with interest thereon, as found by the referee, amounting to $194.40, being a total of $1,004.40, and his costs."

The defendant appealed. The case is more fully stated in the opinion.

*W. F. Henney* and *J. W. Coogan*, for the appellant.

*F. Chamberlin*, with whom was *E. S. White*, for the appellee.

ANDREWS, C. J. The defendant by a written contract, made the first day of April, 1881, agreed to labor for the plaintiff on his orange grove in Florida for the term of one year, and to use his best judgment and all reasonable energy in carrying out the plans and instructions of the plaintiff and in promoting his interests generally. For this service the plaintiff agreed to pay to the defendant six hundred dollars, payable quarterly; and the defendant was to have house rent, fuel and necessary table provisions for the whole time free of charge. The contract was continued from year to year till October, 1885.

The complaint alleges that the defendant did not perform his part of the contract, but spent a large part of the time attending to his own business and neglecting the business of the plaintiff; and also alleges that the defendant used the animals of the plaintiff in and about his own business. The plaintiff claims damages for such neglect and for the use of his animals. The case was referred to the state referee, who heard the parties and made a report to the Superior Court. The report was accepted by that court and a judgment thereon was rendered in favor of the plaintiff. The defendant appeals and assigns five reasons of appeal. There are, how-

ever, really but two questions presented:—first, whether the facts found and reported by the state referee legally entitle the plaintiff to the judgment in his favor; and secondly, whether the Superior Court was justified in accepting the report, after having found that the referee had exceeded the power conferred on him by the statute.

Under the first question two claims are made by the defendant:—that by the contract he was not required to devote his entire time to the service of the plaintiff; and that damages for the use by him of the plaintiff's animals, as set forth in the report, could not be recovered in this action.

Neither of these claims can be sustained. The contract is for labor for a year, in an employment requiring constant and continuous attention. The salary was for a year, with quarterly payments; house rent, fuel and necessaries for the table were to be supplied constantly; and there is nothing in the contract itself to indicate that the service was not to be uninterrupted. In ordinary cases of labor the method of computing the pay would determine the character of the service. Where the pay is constant the inference is well-nigh irresistible that the service is likewise to be constant. Moreover, the parties put a construction upon the contract by their acts while it was in force. Whenever the plaintiff was himself at the grove the defendant did labor constantly with the other persons there employed. On each occasion when the plaintiff learned that the defendant was engaged in other business and spoke to him about it, the defendant said the other business was not taking much, if any, time, and promised to sell out; and he did sell out his other business without making any claim that his entire time did not belong to the plaintiff under the contract—a very strong practical admission by the defendant that he then understood the contract to mean just what the plaintiff now claims it to be. These considerations, and others might be mentioned, fully sustain the construction which the Superior Court put on the contract.

We see no objection to the recovery for the use of the mule and buckboard. These were in the possession of the

defendant as the plaintiff's servant, to be used in the plaintiff's business. He in fact used them in his own business and derived a benefit from such use. In the absence of evidence to the contrary it would be presumed that he intended to pay the reasonable value of such use. But if it had been shown that he did not intend to pay, as he received a benefit from the use natural justice would require plainly that a promise to pay be implied upon the consideration of that benefit. *Webster* v. *Drinkwater*, 5 Maine, 322; *Osborn* v. *Bell*, 5 Denio, 370.

Under the second question it is claimed that the court erred in accepting the report of the referee, because the statute pursuant to which the report was made makes no provision for any action by the court; and that the court erred in accepting the report after having found that the referee had exceeded the power conferred upon him by law, that is, that such excess made the entire report void.

The statute, chapter 249 of the Acts of 1889, which created the office of state referee, provides that it shall be his duty to hear and report to the Superior Court the facts in such cases as may be referred to him. It does not in terms provide for any action upon the report by the court after it is returned. The statute imposes upon the state referee duties so similar to the duties usually performed by auditors or committees, that we are led to conclude that it uses the word "referee" in the sense of auditor or committee; and so it must be intended that the legislature designed the Superior Court to proceed with a report from the referee in the same way that it would proceed with a report from an auditor or a committee. The defendant seems to have understood the statute in this way; for when the report came in he remonstrated against its acceptance. He asked the court to reject it. He evidently understood that the court must do something with it. For the court to reject the report was as much beyond the letter of the statute as to accept it. If it be assumed that the statute does not confer power upon the referee to "find the issue" in any case, while in respect to the mule and buckboard he undertook to find the issue,

then there was error to that extent in his report. But as the report set forth all the facts the error became harmless. The court, separating the erroneous part from the rest of the report, proceeded itself upon the facts to find the issue and thereon rendered its judgment. A severable error in a judgment even, never vitiates the whole judgment. The part which is erroneous is set aside and the rest stands. *Sherwood* v. *Sherwood*, 32 Conn., 15.

There is no error in the judgment complained of.

In this opinion the other judges concurred.