JOHN F. PIPER *et ux.* v. W. C. GUNN.

No. 14,727.   (87 Pac. 1133.)

CONTRACT—*Sale of Real Estate—Breach—Recovery of Money Paid.* Where a contract for the purchase of real estate provided that defendant should furnish an abstract showing good title, which was not done, a judgment awarding plaintiff the money paid on the purchase-price was affirmed.

Error from Labette district court; THOMAS J. FLANNELLY, judge. Opinion filed December 8, 1906. Affirmed.

*E. L. Burton,* and *E. C. Clark,* for plaintiffs in error.

*Biddle & Lardner,* for defendant in error; *M. E. Williams,* of counsel.

*Per Curiam:* This action was brought by the defendant in error to recover $500 paid upon a contract for the purchase of real estate, and for damages. The contract was in writing, and reads:

"PARSONS, KAN., October 9, 1902.

"Received of W. C. Gunn $500, being part payment on the N. E. ¼ of section 10, and S. E. ¼ section 3, township 32, range 20, all in Labette county, Kansas, price to be seventy-five hundred dollars, five hundred

dollars now rec. and balance of $7000 to be paid on or before 25th day of December, 1902. I agree to furnish abstract showing good title, and make warranty deed to any person W. C. Gunn may desire, and send same to First National Bank of Fort Scott, Kansas, for collection, and give possession March 1, 1903.

JOHN F. PIPER.<br>MARY PIPER.

"W. C. Gunn is to take care of loan after November 1, 1902."

Prior to December 25, 1902, Piper furnished Gunn an abstract defective in several respects upon its face, and at the suggestion of Gunn some of these defects were cured. As corrected the abstract showed that at least one moiety of the title which had been in several heirs was not in Piper. Information and notice aside from the abstract were also given to Gunn that a certain moiety of the title which by the abstract appeared to be in Piper was claimed to be in another. Also, the evidence showed on the trial that at least one other moiety of the title which appeared to be owned by Piper was really held in trust by him for another, and that the equitable owner thereof had neither asserted nor relinquished the right thereto.

The action was commenced in April, 1903, was tried without a jury, and the finding and judgment of the court were in favor of Gunn, allowing recovery of the $500 paid on the purchase-price, without damages.

It is contended on Piper's part that there is no allegation or proof that Gunn performed or tendered the performance of the contract on his part. It is sufficient to say that, so long as the abstract furnished by Piper showed his inability to convey good title by a deed from himself and wife, it was neither necessary nor prudent for Gunn to direct to whom the deed should be made or to tender payment of the remainder of the purchase-price, nor, assuming it to be a part of the contract that he should pay interest on a loan secured by mortgage on the land to be conveyed, that

he should pay interest which fell due thereon after November 1, 1902, and before the commencement of the action.

Paraphrasing the language of this court in *Denser v. Gunn, ante,* p. 748, before Piper could require Gunn to accept the deed of himself and wife he must have presented such an abstract of title as upon its face showed the title to the land, which by his contract he was obligated to convey, to be in himself.

"When a defect in the abstract will cause a reasonable doubt in the mind of a prudent and intelligent person, acting upon competent legal advice, the deed may be refused." (*Denser v. Gunn, supra,* and authorities there cited.)

The judgment is affirmed.