WILLIAM SIMMONDS V. W. R. LONG *et al.,* *as Partners, etc.*

No. 15,993.

SYLLABUS BY THE COURT.

1. AGENCY—*Authority—Liability of Agent.* Where persons enter into a written contract, assuming to act as agents for another, and receive money to be paid to the principal as part of the consideration but which is retained in their hands, and the principal refuses to be bound by the contract, an action may be maintained against them for money had and received to the use of the person from whom they received it.

2. ——— *Implied Contract—Money Retained by Agent.* Defendants entered into a written contract with the plaintiff for the sale of lands, assuming to act as agents for the owners, and received $150 as part of the consideration. The owners of the land refused to be bound by the agreement, and the money was not paid them but was retained by the defendants. *Held,* that, independent of anything in the contract itself that would bind the defendants, the law under such circumstances implies an agreement on their part to restore the money, because the contract which they assumed to have authority to make has failed and they have the money of the plaintiff in their hands.

Error from Kingman district court; PRESTON B. 'GILLETT, judge. Opinion filed May 8, 1909. Reversed.

*Frank L. Martin,* for the plaintiff in error.

*Charles C. Calkin,* for the defendants in error.

'The opinion of the court was delivered by

PORTER, J.: William Simmonds, the plaintiff, made a written contract with Long & Sills to purchase 160 acres of land, and deposited with them $150 as earnest-

money and part payment on the purchase-price. The contract was dated December 14, 1906. By its terms possession was to be given in sixty days, and time was made the essence of the contract. It was further agreed that if a good and sufficient deed and abstract could not be furnished the $150 earnest-money should be returned to Simmonds.

On February 18, 1907, which was after the sixty days had expired, the owners of the land met plaintiff in the office of Long & Sills, and because a number of mortgages which were on the land could not be released, and because Silvius, one of the owners who was in possession of the land, refused to give possession, as agreed, the sale fell through. Plaintiff then demanded the return of his $150, under the terms of the contract. Long & Sills refused to pay it, and this action was brought before a justice of the peace. It was afterward appealed to the district court and there tried. The court sustained a demurrer to the evidence of the plaintiff and rendered judgment against him for costs. These proceedings are brought to review the judgment.

The written contract described Long & Sills as agents, and they signed it as agents, but did not disclose therein the name of their principal. The demurrer to the evidence was based upon the cross-examination of the plaintiff, who testified that he knew who owned the land and that Long & Sills were merely agents for the owners; that he paid the money to them, and supposed the money was paid on the land. The trial court held that he had no cause of action against the defendants, because he knew they were agents and who their principal was. On the trial R. O. Silvius, one of the owners, testified that he had never placed the land with Long & Sills for sale, although after the contract was entered into he ratified their action; that they never paid him any of the money; that he understood the money in their hands was to be held by them until the deal was closed, when they were to have $100 as commission,

and that the expense of making the sale and the cost of the abstract were to come out of the balance of the money in their hands.

The ruling of the trial court, it is said, is supported by the law declared in *McCubbin v. Graham,* 4 Kan. 397. In that case the defendant received a 500-dollar bond merely as the agent of and for the use of Fleming, his principal, disclosing his principal at the time, and delivered the bond to him. The general doctrine was declared that the authorized acts of an agent are the acts of a principal; that where an agent receives money or property for his principal he is liable to his principal for the same, but not liable to the party from whom he received the money or property.

We think that under the evidence in this case the defendants were not in a position to insist upon that doctrine, not because they failed to disclose the name of their principal, for the evidence shows that the plaintiff knew at the time who the owners of the land were and that the defendants were acting as agents, but for the reason that the evidence discloses that the defendants had no authority to receive the money for the owners of the land, nor did they have authority to bind the owners to give possession in sixty days, and because they never paid the money to the owners. The testimony of Silvius is that he never knew he was to give possession of the land in sixty days until after that time had expired. The facts are that defendants undertook to enter into a contract as agents for a principal without authority, and the principal refused to be bound. The law is well settled in such cases that where the proceeds received by the agent have not been turned over to the principal the agent is liable personally.

There is a class of cases holding that where a contract has been entered into by one who assumes to act as the agent of another, but who lacks the requisite authority, the contract may be stripped of what the

agent had no right to put there, and if it still contains apt words to charge him he is bound thereby. (*Byars v. Doores' Adm'r*, 20 Mo. 284; *Woodes v. Dennett*, 9 N. H. 55; *Moor v. Wilson*, 26 N. H. 332; *Weare v. Gove*, 44 N. H. 196; *Hegeman v. Johnson*, 35 Barb. [N. Y.] 200; 1 A. & E. Encycl. of L. 1128.) Thus, in *Byars v. Doores' Adm'r, supra*, it was said that, where the agent signs his own name to a written contract as agent for a principal, yet if he fails to employ language which will exclusively bind the principal, or "if, rejecting the words which he had no authority to use, enough will remain to create a promise on his part, he will be personally liable on the contract." (Page 285.) The question was discussed at length in *Hegeman v. Johnson, supra*, where it was said, in respect to written contracts, that the rule is limited "to cases where the agent signs his own name, although he describes himself as an agent. This description, being surplusage, may be stricken out, and a personal obligation will remain." (Page 207.)

It is true, as a general rule, that the remedy against an agent who assumes to act for another without authority is an action for damages for the wrong done, and he is not personally bound by the terms of the contract unless it contain apt words to charge him. (*Duncan, Sherman & Co. v. Niles*, 32 Ill. 532; *Hall v. Crandall*, 29 Cal. 567; *Wallace v. Bentley*, 77 Cal. 19.) Stripping the contract here of those things which defendants had no authority to bind the owners of the land to perform, it would not be difficult to find remaining an agreement to return to the plaintiff the earnest-money. But, independent of anything in the contract itself that would bind the defendants, the law under such circumstances implies an agreement on their part to restore the money, because the contract which they assumed to have authority to make has failed and they have the money of the plaintiff in their

hands.  In *Buller v. Harrison,* 2 Cowp. (Eng. 1777) 565, Lord Mansfield said:

"In general the principle of law is clear that if money be mispaid to an agent expressly for the use of his principal, and the agent has paid it over, he is not liable in an action by the person who mispaid it; because it is just that one man should not be a loser by the mistake of another; and the person who made the mistake is not without redress, but has his remedy over against the principal.  On the other hand it is just that, as the agent ought not to lose, he should not be a gainer by the mistake.  And therefore, if after the payment so made to him, and before he has paid the money over to his principal, the person corrects the mistake, the agent can not afterward pay it over to his principal, without making himself liable to the real owner for the amount."  (Page 566.)

In that case it was held that an action for money had and received to the use of the person so paying it will lie against the agent.  In the case at bar the bill of particulars upon which the case was tried was for money had and received.

In *Wallace v. Bentley,* 77 Cal. 19, it was held that the agent is not liable as principal on a contract signed by him without authority unless the contract contain apt words to charge him personally; but it was further said that he would be liable in an action to recover money paid under the contract by reason of his wrong in assuming to act without authority.

In *Jefts & Wife v. York,* 10 Cush. (Mass.) 392, it was held that where the money had not been paid over to the principal the measure of damages was the amount retained by the agent, and that it could be recovered in an action for money had and received.  To the same effect is *Cox v. Prentice,* 3 M. & S. (Eng.) 344, holding that where the account remains open, and no change of circumstances has taken place, the agent will not be relieved.  Of course, where the account between the principal and agent has been settled and

closed the agent is discharged. (*Mowatt v. McLelan,* 1 Wend. [N. Y.] 174.)

In *Fowler & Co. v. Quall,* 36 Kan. 507, the agent was held not liable on a contract similar to the one in the case at bar. But in that case, after the contract was signed, the parties came together and executed a new contract, and the agent paid the money to the principal in the presence of, and by the consent of, the purchaser. The principal, of course, was bound, and the agent was released from all liability.

But it is well settled also that there is no presumption that the agent has paid the money over to the principal, and the burden is upon him to show that he has done so, as well as to show that he had authority to act for the principal. (*Shipherd et al. v. Underwood,* 55 Ill. 475; *Frankland v. Johnson,* 147 Ill. 520; *Gillaspie et al. v. Wesson,* 7 Port. [Ala.] 454.)

There can be no question that when an assumed agent receives the consideration of a contract an implied promise to pay it back arises, if there is a failure of the contract, and an action may be maintained against him for money had and received so long as the money remains in his hands. In addition to the authorities cited, see: *LaFarge v. Kneeland,* 7 Cow. (N. Y.) 456; *Russell v. Koonce,* 104 N. C. 237; *Shipherd et al. v. Underwood, supra; Cabot v. Shaw,* 148 Mass. 459; 1 A. & E. Encycl. of L. 1129.

The judgment is reversed and a new trial ordered.