No. 21,887.

R. H. CROSBY, *Appellant*, v. O. V. LIVINGSTON, *Appellee*.

SYLLABUS BY THE COURT.

1. SALE OF LAND—*Authority of Agent to Make Contract—Action to Recover Earnest Money—Evidence—Demurrer.* The evidence examined, and held sufficient to prove plaintiff's cause of action, under the favorable light in which it is entitled to be considered as against a demurrer thereto.

2. AGENCY—*When Denial of Agency under Oath Unnecessary.* Where the fact of agency is not intended to be denied, but is conceded by the pleadings of both plaintiff and defendant, there is no occasion for a denial of the agency, under oath or otherwise.

3. SAME. Allegations touching the execution of instruments whose authenticity is to be admitted unless denied under oath are those which purport to bind the party against whom they are pleaded, and need no verified denial from those not concerned therewith.

4. SAME—*Agent Exceeding His Authority—Personal Liability of Agent.* An agent who exceeds his authority in making a contract and whose principal declines to be bound thereby, renders himself liable to the third party with whom 'he made the unauthorized bargain.

5. AGENCY—*Pleadings—When Issue is Raised.* Where the nonliability of an agent depends upon the truth of matters pleaded by him in his affirmative defense, an issue is raised which, to be effective, must be established by evidence.

Crosby v. Livingston.

Appeal from Sedgwick district court, division No. 2; THORN-
TON W. SARGENT, judge. Opinion filed November 8, 1919. Re-
versed.

*R. L. Holmes, Charles G. Yankey, W. E. Holmes,* and *D. W.
Eaton,* all of Wichita, for the appellant.

*John Madden, C. E. Cooper,* and *John Madden, jr.,* all of
Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff herein seeks the return of a
thousand dollars which he paid to the defendant, a real-estate
agent, as part payment of the purchase price of a Barber
county ranch, at a price and upon terms named by defendant,
but which the owner of the ranch apparently never authorized
and which he positively declined to accept or ratify.

Defendant admitted the receipt of plaintiff's check for a
thousand dollars, as "earnest money and part payment on said
ranch," and that he signed receipt and memorandum pertain-
ing thereto—

"SEPTEMBER 19, 1917.
"We hereby acknowledge receipt of One Thousand Dollars ($1,000.00)
deposit made on the Yeast Ranch by R. H. Crosby, of Chelsea, Oklahoma,
. . . [Acreage described] . . . Barber county Kans. If same can
be delivered to Mr. R. H. Crosby on or before 15 days at a price of Six-
teen (16) Dollars per acre, including everything on the ranch except
the live stock.                    O. V. LIVINGSTON."

Defendant's answer alleged that he was the agent of P. A.
Yeast, the owner of the ranch, and was employed by Yeast to
sell it, and that he did find a buyer, the plaintiff, and accepted
the thousand dollars as a deposit; that afterwards he gave
Yeast a copy of the receipt, which the latter indorsed—

"HUTCHINSON, KANSAS, September 21, 1917. I hereby acknowledge
the receipt of the above payment of $1,000.00 and accept the above offer
of said R. H. Crosby, for the purchase of the above land, and all prop-
erty belonging to me except live stock on said land."
                                    [No signature.]

Defendant further alleged that he acted as agent and broker
of P. A. Yeast in the sale of the ranch in receiving the thousand
dollars as a deposit and as earnest money and part of the pur-
chase price, all of which the plaintiff then well knew, and that

plaintiff "was informed of the fact by defendant that said sum had been turned over to Yeast in pursuance of said contract"; that the money had been in the possession of Yeast since September 21, 1917; and that plaintiff knew that fact at the time.

Plaintiff's reply recited:

"That after plaintiff had delivered his check as alleged in his petition and received the receipt of the defendant referred to in the plaintiff's petition, defendant advised plaintiff that Mr. Yeast, who owned the ranch, would not sell the said ranch at the price at which defendant had offered or contracted to sell the same to the plaintiff, and the defendant advised plaintiff that Mr. Yeast, the alleged owner of said ranch, refused to carry out the contract which the defendant had undertaken to make and which is referred to in plaintiff's petition."

Plaintiff's evidence tended to establish all the material allegations of his petition. His evidence tended to show that the ranch owner flatly declined to sell the ranch on the terms prescribed by the defendant and outlined in the receipt. A letter dated September 25, 1917, six days after defendant had made the bargain for the ranch and had received plaintiff's money, was written by defendant to plaintiff, in which it was stated:

"In regard to the Barber County ranch, I have got your terms for you . . . I had an awful time getting him through. Everything will go on ranch except wheat and feed. . . . Now as to the wheat there are about 100 acres and it will go in for $5.00 per acre or about $500.00 just what it cost to seed, and put in, the feed will be sold at a low figure."

These terms were at variance with the original agreement and memorandum receipt signed by defendant, and which had induced plaintiff to part with his money. The original bargain, and the only one made by plaintiff, provided that he was to get everything on the ranch except the live stock. What "everything" meant was disclosed by a schedule furnished by defendant, and included, besides farming tools and equipment, 240 acres of wheat, also grass and hay, corn, cane, alfalfa, and oats. The ranch owner balked at this. This is disclosed in defendant's letter, which also contained an outline of a new offer to sell the ranch to plaintiff on other terms, and contained plausible arguments to induce plaintiff to assent to it.

A demurrer to plaintiff's evidence was sustained. He appeals.

This court discerns no fault with the plaintiff's evidence to maintain his cause. Tested by demurrer, it was entitled to generous credence and to be considered in its most favorable light for plaintiff. (*The State, ex rel., v. Gerhards,* 99 Kan. 462, 464, 162 Pac. 1149.)

But it is said that plaintiff failed to deny defendant's answer under oath. The answer contained nothing that required denial under oath. Some sophistry is indulged touching the defendant's allegation that he was the agent of Yeast. Denials under oath are encouraged by the code for the purpose of saving time over matters not seriously in dispute. (*Hill v. Republic County,* 99 Kan. 49, 51, 160 Pac. 987.) But the plaintiff did not need to deny defendant's agency, under oath or otherwise. He had already alleged it in his petition. Neither did plaintiff need to deny under oath the purported acknowledgment of Yeast. The allegations touching the execution of instruments whose authenticity is to be conceded, under the code, section 110 (Gen. Stat. 1915, § 7002), unless denied under oath, are those which purport to bind the party against whom they are pleaded. The plaintiff had nothing to do with Yeast's pretended receipt and acknowledgment. If this were a controversy between Yeast and his agent, the truth and accuracy of Yeast's receipt, if pleaded by defendant and not denied under oath by Yeast, might be binding on Yeast, but this plaintiff is not concerned either with the truth or falsity of that receipt. When this lawsuit terminated, the relation and responsibility of Yeast to defendant's conduct had not been established, because the court gave judgment upon the defendant's demurrer to plaintiff's evidence. Of course, if Yeast authorized the defendant to sell the ranch at the price and on the terms named by defendant, he and not the agent would be bound to answer for the money received through his agent (*McCubbin v. Graham,* 4 Kan. 397) ; but here the principal declined to be bound by the acts of his agent, and as against a demurrer to the evidence, the circumstances strongly tended to prove that the agent had no authority to sell the ranch on the terms agreed upon by him and plaintiff. In such a situation there can be no doubt that the agent is personally liable for the return of the money. (*Simmonds v. Long,* 80 Kan. 155, 157, 158, 101 Pac. 1070.) This rule, supported by a wealth of citations, is stated in 31 Cyc., at page 1545, thus:

"A person who assumes to act as agent for another impliedly warrants that he has authority to do so. If, therefore, he in fact lacks authority he renders himself personally liable to one who deals with him in good faith in reliance on the warranty, whether the agent knows that he lacks authority and nevertheless assumes to act as if he possessed it, or whether he honestly believes that he had authority when in fact he has none. The warranty of authority embraces not only the existence of the authority but also its sufficiency to cover the contract which the agent attempts to make, and if therefore the agent, whether in good faith or otherwise, acts in excess of an authority actually possessed he renders himself personally liable to the third person."

It is urged that the record does not show that defendant exceeded his authority as agent for the ranch owner. We think it does—certainly as against a demurrer. The defendant received the money and receipted therefor in his own name. His principal refused to be bound by the terms prescribed by the defendant. Within six days defendant admitted that fact in a letter to plaintiff, although such admission was glossed over with many plausible words to the effect that the terms, although different, were highly advantageous to plaintiff. These circumstances tended strongly to prove that the owner had never authorized the sale of the ranch on the terms prescribed by the defendant.

The judgment on the demurrer to the evidence cannot stand. It seems, however, that the defendant pleaded a defense which, if he affirmatively sustains it, will defeat the plaintiff and compel him to seek redress from defendant's principal. The defendant's answer, liberally interpreted, seems to allege, although obscurely, that he acted within the scope of his authority in prescribing the terms on which the ranch would be conveyed by his principal, and that he delivered the thousand dollars to his principal, and that in making the contract nothing material was concealed from plaintiff. This defense, if proved, will exonerate the agent; and this conclusion necessitates a reversal of the judgment, with instructions to try out the issues in defendant's answer, which plead an affirmative defense.

It is so ordered.