De Graffenreid v. Elliott.

---

No. 27,331.

Mollie De Graffenreid, *Appellee,* v. Mable Elliott, *Appellant.*

### SYLLABUS BY THE COURT.

1. Covenants—*Action for Breach—Sufficiency of Evidence.* In an action to recover for breach of warranty contained in a deed, the evidence considered and held sufficient to sustain the judgment.
2. Same—*Generally.* Various alleged errors considered and held not to require a reversal.

Appeal from Cherokee district court; Frank W. Boss, judge. Opinion filed May 7, 1927. Affirmed.

*E. B. Morgan,* of Galena, for the appellant.

*C. B. Skidmore, Charles Stephens, F. E. Dresia* and *Hubert Horning,* all of Columbus, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover damages for breach of warranty contained in a warranty deed. Plaintiff prevailed and defendant appeals.

The facts are substantially these: In the summer of 1920, plaintiff and her children owned 120 acres of land in Cherokee county. She entered into a contract with James H. Elliott, husband of the defendant, to convey the land to Elliott for some cash and in exchange for certain real property in Columbus. Elliott did not hold title to the Columbus property but held a bond or contract for deed from the Ætna Building and Loan Association. The contract between plaintiff and her children and Elliott provided that there should be a conveyance by general warranty deed together with abstract showing good title; that the deeds be deposited in the First National Bank of Columbus to be delivered upon completion of the title. Defendant was not a party to the agreement. The agreement was not deposited in the bank according to its terms, and the negotiations were considerably delayed. Eventually, plaintiff's agent

Covenants, 15 C. J. p. 1316 n. 61.  Escrows, 21 C. J. p. 881 n. 72 new.  Estoppel, 21 C. J. p. 1170 n. 67.

met with James H. Elliott and closed the deal. Elliott and his wife had executed a warranty deed which he delivered to the plaintiff's agent conveying to plaintiff the Columbus property. The deal was closed October 1, 1920, following which, possession of the property was delivered to the plaintiff. Elliott had failed to procure a deed from the Ætna Building and Loan Association pursuant to his contract with that company. Plaintiff held possession of the property until the Ætna Building and Loan Association foreclosed its contract against Elliott, plaintiff being made a party to the suit. The property was sold to satisfy a lien of the Ætna Building and Loan Association and plaintiff's title extinguished. Judgment was rendered in such action in favor of the plaintiff and against Elliott. The present action is to recover against Mrs. Elliott. The warranty contained in defendant's deed to plaintiff on which the action is based reads:

"And said parties of the first part, for themselves and their heirs, executors, or administrators, do hereby covenant, promise and agree, to and with said party of the second part, that at the delivery of these presents they were lawfully seized in their own right of an absolute and indefeasable estate of inheritance in fee simple of and in all and singular the above granted and described premises, with the appurtenances, that the same are free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments, and incumbrances, of what nature or kind so ever, and that they will warrant and forever defend the same unto said party of the second part, her heirs and assigns, against said parties of the first part, their heirs, and all and every person or persons whomsoever lawfully claiming or to claim the same."

The defendant contends that the court erred in the admission of evidence showing the transaction between her husband and plaintiff's agent, Stiles, at the time of the delivery of the deed, and that there was no competent evidence upon which to base the court's finding and judgment; that the deed was delivered contrary to the terms of the escrow agreement; was unauthorized and not binding on the defendant. In support of her contention, she cites 10 R. C. L. 636, to the effect that:

"Generally speaking, an escrow delivered by the depository before compliance with, or contrary to the conditions on which it is to be delivered, is inoperative. No title passes to the grantee, and with certain exceptions hereinafter noted, a bona fide purchaser acquires no rights against the grantor of a deed thus improperly obtained."

And, 1 Devlin on Real Estate, section 322, where it is said:

"'If the party to be bound suffer the paper to go into the hands of a third

person with authority to deliver it in case certain conditions are complied with, a transfer of the paper without compliance with the conditions is no delivery, for want of authority in the agent to do the act.'"

Various other authorities are cited in support of defendant's contention, which in our opinion are not applicable to the facts under consideration, and therefore not controlling.

The defendant was not a party to the escrow agreement. However, she executed the deed in question and gave it to her husband. She constituted him her agent. The agreement was not deposited with the bank because the deeds were not deposited there. They were not put up until the deal was closed. It appears that both parties to the escrow agreement disregarded it and closed the deal without regard to its provisions. This they had a right to do if they so desired. (*Le Porin v. Bank,* 113 Kan. 76, 215 Pac. 318.) *Hughes v. Thistlewood,* 40 Kan. 232, 19 Pac. 629, was a case where the husband and wife executed a deed and after the wife delivered it to the husband, he made other and different arrangements about receiving payment and placing the deed in escrow. It was argued that there was no delivery on the part of the wife because the terms of the original agreement were not carried out. This court said:

"When she joined her husband in making and acknowledging the conveyance, and placed the same in his hands for delivery, she made him her agent to arrange the details of accepting payment and completing delivery; and, as counsel contend, the placing of the deed in escrow was not a change of the original terms of sale. It was simply a step in the progress of the delivery of the deed. The minds of the parties had met, the terms of the contract had been assented to, and the instrument which was intended by both as a conveyance was intrusted to Hughes for delivery. He arranged the details of delivery as he was authorized to do, and when the deed was placed in the hands of Skinner while the draft was being converted into cash, it was then in the course of delivery, in transit from the grantors to the grantee. The purpose for which the deed had been placed in the hands of Skinner having been accomplished, and that within a reasonable time and in the usual course of business, the attempted detention of the deed by the depositary upon the order of the grantors will not prevent the deed from taking effect. Skinner was the agent of the grantee as well as of the grantors, and it became his duty to deliver the deed when the conditions under which it was placed in his hands were performed." (p. 235.)

(See, also, *McNulty v. McNulty,* 47 Kan. 208, 27 Pac. 819; *Balin v. Osoba,* 76 Kan. 234, 91 Pac. 57; *Smith v. Kibbe,* 104 Kan. 159, 164, 178 Pac. 427; *Arnett v. Wescott,* 107 Kan. 693, 193 Pac. 377; *Neal v. Owings,* 108 Kan. 73, 79, 194 Pac. 324.)

There was evidence that James H. Elliott, at the time of the delivery of the deed, stated that he had a deed from the Ætna Building and Loan Association. Where one of two innocent persons must suffer, that one should bear the loss whose conduct or action placed it within the power of a third person to impose upon or deceive another. (*Lumber and Grain Co. v. Eaves,* 114 Kan. 576, 220 Pac. 512.)

The judgment is affirmed.