No. 29,634.

P. J. Graber, *Appellant*, v. Nick Dreiling and Elizabeth Dreiling, *Appellees*, et al.

(299 Pac. 948.)

Opinion filed June 6, 1931.

*S. S. Alexander* and *C. C. Calkin*, both of Kingman, for the appellant.
*W. D. Jochems* and *J. Wirth Sargent*, both of Wichita, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action brought by the vendee in a written contract for the sale of real property, for specific performance, and, in the alternative, for the return of a $3,000 note which he had executed as a part of the purchase price, or for judgment for that sum. The defendants were Nick Dreiling and wife and their son, F. N. Dreiling. The trial court made findings of fact and rendered judgment in favor of plaintiff for the alternative sum against F. N. Dreiling, but denied plaintiff judgment against Nick Dreiling and wife. From the last part of this judgment plaintiff has appealed.

Nick Dreiling and his wife lived at Hays, Kan. He owned a 225-acre farm in Kingman county which was encumbered by a mortgage to the Federal Land Bank. When the land was acquired, subject to the federal loan, Nick Dreiling paid $6,000 towards its purchase, and perhaps Pete Dreiling, a son who lived at Hays, paid $2,500. At any rate, it was orally agreed among them that when the land was sold Nick Dreiling should be first paid $6,000 and Pete Dreiling $2,500, and that the balance should be divided, fifty per cent to Nick Dreiling and twenty-five per cent each to F. N. and Pete Dreiling. F. N. Dreiling lived at Wichita and looked after

renting the farm and paying taxes and interest. On July 25, 1928, F. N. Dreiling, as agent, executed a contract in writing for the sale of the Kingman county land to plaintiff. He intrusted this contract to one John G. Schmitt, to be taken to plaintiff for his execution. It seems that plaintiff held a note for $6,000 executed by Schmitt and indorsed by F. N. Dreiling. Schmitt's instructions were to get the $6,000 note, indorsed by plaintiff and his sons, and to get $4,000 in money or notes. The deal Schmitt made was for plaintiff to surrender the $6,000 note, execute his note for $3,000, and take the Kingman county land subject to the federal loan. Plaintiff knew F. N. Dreiling wanted this last-mentioned note to be for $4,000, but Schmitt agreed with him that he would make that up in some other way to F. N. Dreiling. Plaintiff executed his note for $3,000, but made it payable to John G. Schmitt, knowing at the time that the title was in Nick Dreiling and that a deed from him and his wife would have to be obtained. Schmitt sold plaintiff's $3,000 note to a third party and got the money on it. No part of that money was given to Nick Dreiling or his wife. Schmitt did pay F. N. Dreiling several hundred dollars of a prior indebtedness, and perhaps used the proceeds of this note to make that payment; but F. N. Dreiling did not know the money came from that source and did not knowingly receive the proceeds of that note. Nick Dreiling and wife did not sign the contract to plaintiff, nor did they authorize F. N. Dreiling in writing to enter into any contract for the sale of the Kingman county land, and they did not know, until long afterwards, the terms of the contract made by Schmitt with plaintiff. The day after this contract was executed F. N. Dreiling called his brother, Pete Dreiling, by telephone and asked him to have their father send him a deed for the Kingman county land. Nick Dreiling and wife did execute a deed, naming plaintiff as grantee, for the Kingman county land, which deed reserved in the grantors a share of the oil, gas and other minerals in the land, and sent this deed to F. N. Dreiling at Wichita. Plaintiff declined to accept this deed because of the mineral reservations, and it was returned to Nick Dreiling, and by him destroyed. The $6,000 note was impounded with the clerk of the court. The question to be determined in this action is whether plaintiff should have judgment against Nick Dreiling and wife for the amount of the $3,000 note above mentioned.

Turning now to the legal questions argued. Since Nick Dreiling and wife did not execute the contract with plaintiff, nor in writing

authorize F. N. Dreiling to execute any contract for the sale of this land, they could not be held on the contract. (R. S. 33-106.) Appellant recognizes this, but contends that the contract, having been executed by F. N. Dreiling, and Nick Dreiling and wife having executed a deed for the land, naming plaintiff as grantee, which deed they forwarded to F. N. Dreiling, the statute is sufficiently complied with, citing *Schneider v. Anderson,* 75 Kan. 11, 88 Pac. 525; *Arnett v. Westcott,* 107 Kan. 693, 193 Pac. 377; *Neal v. Owings,* 108 Kan. 73, 194 Pac. 324; *De Graffenreid v. Elliott,* 123 Kan. 477, 255 Pac. 971.

An examination of these cases shows they are not in point. The first arose before our statute of frauds was amended (Laws 1905, ch. 266) requiring the authorization to execute a contract to be in writing, the last was on the covenants of a warranty deed, and in the other two cases the deals had progressed to the stage that the authority of the agent was no longer in question. Appellant is not in position to rely on the ratification of the act of an unauthorized agent, for, under the evidence and findings of the court in this case, Nick Dreiling and wife never knew the terms of the contract with plaintiff, and nothing they did could be construed as a ratification.

Appellant contends he should recover on the theory of money had and received, citing *Piper v. Gunn,* 74 Kan. 884, 87 Pac. 1133; *Robertson v. Talley,* 84 Kan. 817, 115 Pac. 640, and allied cases. These authorities are sound, and perhaps would apply if recovery were asked from Schmitt, or possibly from F. N. Dreiling, but they are not applicable when recovery is sought from Nick Dreiling and wife for the reason that they received nothing from plaintiff, and no authorized agent of theirs received anything from plaintiff. Notwithstanding the fact that plaintiff knew the title was in Nick Dreiling and a deed would have to be procured from him and his wife, and notwithstanding the fact that the contract which he did sign was made with F. N. Dreiling, as agent, he did not make his note payable to any of those persons, but made it payable to Schmitt, and for $1,000 less than he knew F. N. Dreiling expected it to be. Schmitt is the man who got his money. Since F. N. Dreiling did not appeal we are not concerned with whether he received any of it or not, but it is clear from the evidence and the findings of the court that Nick Dreiling and wife received none of it. The situation, therefore, is more like that in *Simmonds v. Long,* 80

Kan. 155, 101 Pac. 1070, and *Crosby v. Livingston*, 105 Kan. 418, 185 Pac. 284, where the unauthorized agent received payment and was held personally liable. We are advised by counsel that since the trial of this case Schmitt has paid the holder in due course for the note and is prepared to deliver it to plaintiff, in which event plaintiff's only loss will be some interest he has paid and court costs. But we do not deem that a matter to be taken into consideration in determining this case. Under the facts as found by the trial court no reason appears for holding Nick Dreiling and wife personally liable to plaintiff.

The judgment of the court below is affirmed.