The Dimock & Fink Company *vs.* Charles Westerhoff.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued May 2d—decided June 20th, 1933.

*Edmond L. Morrison,* for the appellant (defendant).

*Edward C. Fisher,* for the appellee (plaintiff).

Per Curiam.   This action was brought to recover for certain plumbing supplies delivered by the plaintiff to the defendant, and from a judgment for the plaintiff the defendant has appealed.   The complaint is in the form of the common counts with a bill of particulars, and the trial court gave judgment for the reasonable value of the goods.   The defendant is a plumber.   He was employed to perform services in connection with a house that Ebenezer Hill was remodeling, it being agreed that Mr. Hill was to furnish the materials.   The trial court reached the conclusion that the defendant purchased the supplies used for Mr. Hill's house as his agent and that conclusion is as favorable to the defendant as the trial court could reasonably reach upon the facts found or upon any change which we could make in the finding.   The materials supplied previous to November 8th, 1926, were paid for by Mr. Hill as having been used in his house.   Those included in the bill of particulars furnished on or after that date were used by the defendant in con-

nection with another job he was doing and Mr. Hill refused to pay for them. In purchasing them the defendant exceeded the scope of his agency for Mr. Hill and the question is, can he be held liable for their reasonable value in this action. We are not here concerned with any remedy the plaintiff might have based upon a representation of agency which did not in fact exist at the time the goods were purchased. *Sullivan* v. *Mancini,* 103 Conn. 110, 130 Atl. 79. The defendant, by conduct beyond the scope of his agency, received goods from the plaintiff which he appropriated to the use of another. In such a situation he may be held liable in quasi-contract for the reasonable value of the goods. *Simmonds* v. *Long,* 80 Kan. 155, 101 Pac. 1070. The situation is closely analogous to that where money is received under an agreement that it should be used for a certain purpose which the person receiving it fails to carry out. *Scott* v. *Scott,* 83 Conn. 634, 641, 78 Atl. 314; and see *Stebbins* v. *Waterhouse,* 58 Conn. 370, 374, 20 Atl. 480. The counts in the complaint for goods sold and delivered and for materials furnished are appropriate to a recovery upon this basis. *Levett* v. *Sharp,* 100 Conn. 314, 123 Atl. 833.

There is no error.